NO. 12-01-00370-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


TOBY R. MILLER AND WIFE,

RACHAEL A. MILLER,
§
 APPEAL FROM THE 294TH

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


JOHN ELLIOTT,

APPELLEE
§
 VAN ZANDT COUNTY, TEXAS







 Toby R. Miller and his wife, Rachael A. Miller (collectively the "Millers") appeal the trial
court's order granting a no-evidence summary judgment in favor of Appellee, John Elliott ("Elliott"). 
The Millers raise one issue on appeal. We affirm.


Background

 This suit involves the Millers' right of access to their real property (the "Miller Property"). 
The Miller Property was previously part of a larger tract which was, at one time, planned as a
subdivision. A plat of the proposed subdivision was filed of record and approved for recording by
the Commissioners' Court of Van Zandt County in 1971 and the Canton City Commission in 1972. 
However, the subdivision plans were never pursued, and the Miller Property was sold to Elliott and
Lucille Wilson (collectively the "Wilsons"). (1)
 The Wilsons conveyed the Miller Property by deed
to the Millers on September 4, 1990. The Miller Property is adjacent to another tract owned by
Elliott (the "Elliott Property"). Subsequently, Elliott began to prepare the Elliott Property as a future
home site and built a driveway across the tract, connecting it to the Arnold Paul Road. (2) Since
September 11, 1996, Elliott has placed locks on the gate, posted "no trespassing" signs and made
demands that the Millers not use his driveway. (3) 

 The Millers filed the instant suit on September 23, 1996 seeking to enjoin Elliott from
restricting their use of his driveway. On November 16, 2000, Elliott filed a no-evidence motion for
summary judgment, alleging that the Millers lacked evidence to support their claims that (1) they
were entitled to use Elliot's driveway by virtue of an implied easement, (2) Elliott was the developer
of the property known as the Elliott subdivision and responsible for the development of the property
known as Elliott subdivision, (3) the property known as Elliott subdivision had been dedicated and
accepted by the Commissioners' Court of Van Zandt County, and (4) the subdivision regulations of
the Commissioners' Court of Van Zandt County were applicable to the property known as Elliott
Subdivision. The Millers filed a response, and in support thereof, presented (1) the affidavit
testimony of Toby Miller, (2) the plat of the intended subdivision, (3) the warranty deed by which
the Millers purchased their property from the Wilsons, and (4) the subdivision regulations for Van
Zandt County, Texas. The trial court granted Elliott's no-evidence motion for summary judgment
on August 10, 2001 and this appeal followed.


No-evidence Motion for Summary Judgment


 Standard of Review


 In their sole issue, the Millers contend that they submitted sufficient evidence to require the
trial court to overrule Elliott's no-evidence motion for summary judgment. After adequate time for
discovery, a party without presenting summary judgment evidence may move for summary judgment
on the ground that there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). The motion
must state the elements as to which there is no evidence. Id.  The court must grant the motion unless
the respondent produces summary judgment evidence raising a genuine issue of material fact. Id. 
The movant need not produce any proof in support of its no-evidence claim. See id.; see also, Judge
David Hittner and Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303, 1356
(1998). The motion must be specific in alleging a lack of evidence on an essential element of a cause
of action, but need not specifically attack the evidentiary components that may prove an element of
the cause of action. See Denton v. Big Spring Hosp. Corp., 998 S.W.2d 294, 298 (Tex. App.-
Eastland 1999, no pet.). Once a no-evidence motion has been filed in accordance with Rule 166a(i),
the burden shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged
evidence. See Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 316-17 (Tex. App.- Houston [14th
Dist.] 1999, no pet.). A no-evidence motion is properly granted if the non-movant fails to bring forth
more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential
element of the non-movant's claim on which the non-movant would have the burden of proof at trial. 
See Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). If the
evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to
differ in their conclusions, then more than a scintilla of evidence exists. See Havner, 953 S.W.2d
at 711. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than
create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. See
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

 On appeal, "we will uphold a no-evidence summary judgment only if the summary judgment
record reveals no evidence of the challenged element, i.e., '(a) a complete absence of evidence as
to the challenged element; (b) the evidence offered to prove the challenged element is no more than
a mere scintilla; (c) the evidence establishes conclusively the opposite of the challenged element; or
(d) the court is barred by rules of law or of evidence from giving weight to the only evidence offered
to prove the challenged element.'" See Taylor-Made Hose, Inc. v. Wilkerson, 21 S.W.3d 484, 488
(Tex. App.- San Antonio 2000, pet. denied), citing Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Texas L. Rev. 361, 362-63 (1960). When summary
judgment is based on several different grounds and the trial court does not state the basis for its
decision in the order, we must affirm the order if any of the theories advanced in the motion are
meritorious. See Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173, (Tex. 1995);
Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).


 Implied Easements and Easements By Necessity


 In its no-evidence motion for summary judgment, Elliott contended that the Millers had no
evidence to support their claims related to implied easements. (4) An easement is a liberty, privilege,
or advantage granted to a person or persons without profit, either personally, or by virtue of that
person's ownership of a specified parcel of land, to use another parcel of land for some limited
purpose. See Daniel v. Fox, 917 S.W.2d 106, 110 (Tex. App.- San Antonio 1996, writ denied). 
Where an easement exists, the parcel owned by the grantor of the easement is referred to as the
"servient estate," while the parcel benefitted by the easement is referred to as the "dominant estate." 
Id. at 110. In order to successfully prosecute a claim for implied easement, a plaintiff must prove
that (1) unity of ownership between the dominant and servient estate existed, (2) the use of the
easement was apparent at the time the dominant estate was granted, (3) use of the easement was
continuous so that the parties intended its use to pass by grant with the dominant estate, and (4) the
easement was reasonably necessary to the use and enjoyment of the dominant estate. See Bickler
v. Bickler, 403 S.W.2d 354, 357 (Tex. 1966). A landowner may also claim an implied easement by
necessity by proving that (1) unity of ownership of the dominant and servient estates existed prior
to severance, (2) use of the roadway was a necessity, and (3) the necessity existed at the time the
estates were severed. See Koonce v. J.E. Brite Estate, 663 S.W.2d 451, 452 (Tex. 1984). 

 The party claiming an implied easement has the burden of proving his entitlement to the
same. See Wilson v. McGriffin, 749 S.W.2d 606, 609 (Tex. App.- Corpus Christi 1988, writ
denied). Whether these requirements have been met is determined at the time of severance. See
Westbrook v. Wright, 477 S.W.2d 663, 666 (Tex. Civ. App.- Houston [14th Dist.] 1972, no writ).

 In their response to Elliott's no-evidence claim as to their claim related to an easement, the
Millers directed the trial court to the affidavit of Toby Miller. In his affidavit, Toby Miller testified 
as to the legal description of the property in question and that (1) he bought certain lots in the Elliott
Addition in Van Zandt County, Texas; (2) the property he described was sold to him as part of a
subdivision described in lots rather than real estate described in acres; (3) the seller of the property
allowed access to the roads described within the subdivision plat; and (4) when Elliot purchased the
property, he attempted to prevent access to the roads described within the subdivision plat.

 Neither the affidavit testimony of Toby Miller, nor the remaining summary judgment
evidence presented by the Millers, amount to any evidence that the driveway in question was
reasonably necessary to the use and enjoyment of the Miller property, a common element to a claim
for both implied easements and easements by necessity. Necessity amounts to more than mere
convenience. See Fox, 917 S.W.2d at 111. If a landowner can access his property by other means,
he cannot claim, by implication, a right to pass over land of another to get to his own. See Duff v.
Matthews, 311 S.W.2d 637, 650 (Tex. 1958). Merely showing that it would be expensive to obtain
another outlet is not generally sufficient to establish necessity. See Fox, 917 S.W.2d at 111 (citing
Williams v. Kuykendall, 151 S.W.629, 630 (Tex. Civ. App.- Austin 1912, no writ)). Moreover,
easements by necessity are temporary because their existence is dependent on the necessity that
created them. See Bains v. Parker, 182 S.W.2d 397, 399 (Tex. 1944). As such, easements by
necessity terminate upon the cessation of the necessity. Id. It follows that not only were the Millers
required to show that the necessity existed at the time of severance, but that they were also required
to demonstrate that such a necessity was continuing. See id. Since the summary judgment record
in the case at hand contains no evidence that the alleged easement was reasonably necessary to the
use and enjoyment of the dominant estate, both at the time of severance and continuing as of the date
the Millers filed their response, we hold that the trial court did not err in granting Elliott's no-evidence motion for summary judgment as to the Millers' claims relating to the existence of an
easement.


 Dedication of a Subdivision


 The Millers also allege in their pleadings that they are entitled to use Elliott's driveway based
on the previous owners' filing of a subdivision plat in 1971, on which there is a notation that all
streets and easements shown thereon are dedicated to the public use, and which was later approved
for recording by the Commissioners' Court of Van Zandt County and the Canton City Commission. 
The Millers allege that the filing of this plat created residential restrictions applicable to all lots in
the subdivision and created a general plan of residential development to include development of
roads for access to designated lots in the subdivision. Finally, the Millers allege that Elliot, who
inherited the Elliot Property from the previous owners, is responsible for the maintenance of the
subdivision. Elliot's remaining no-evidence points relate to these allegations that the land was
dedicated to public use.

 Dedication is an act of appropriating private land to the public for any general or public use. 
See Scott v. Cannon, 959 S.W.2d 712, 718 (Tex. App.- Austin 1998, writ denied). Once dedicated,
the owner of the land reserves no right to uses that are incompatible with the full enjoyment of the
public. Id. A claimant can prevail on an implied dedication of an easement if it is proven that (1)
the acts of the landowner induced the belief that the landowner intended to dedicate the road to
public use; (2) the landowner owned the land in fee simple and therefore was competent to dedicate
the land; (3) the public relied on these acts and will be served by the dedication; and (4) there was
an offer and acceptance of the dedication. See Lindner v. Hill, 691 S.W.2d 590, 592 (Tex. 1985). 
The burden of proof on such a claim is a heavy one since the result would be the appropriation of
private property for a public use without any compensation to the landowner. See Scott, 959 S.W.2d
at 719 n.6. As such, findings of implied dedication are disfavored in the law. Id.

 In the instant case, in support of their allegations that there was an offer and acceptance of
the dedication, the Millers directed the trial court's attention to the plat, filed in the property records
of Van Zandt County, Texas. On the plat, there is a notation stating that all streets and easements
shown thereon are dedicated to the public use. (5) However, the Millers are required to show that the
land in question was, in fact, both dedicated and accepted. See Aransas County v. Reif, 532 S.W.2d
131, 134 (Tex. Civ. App.- Corpus Christi 1975, writ ref'd n.r.e.) (emphasis added).

 Recording a map or plat showing streets or roadways does not, standing alone, constitute a
dedication as a matter of law. See Brousard v. Jablecki, 792 S.W.2d 535, 537 (Tex. App.- Houston
[1st Dist.] 1990, no writ); Reif, 532 S.W.2d at 134; County of Calhoun v. Wilson, 425 S.W.2d 846,
851 (Tex. Civ. App.- Corpus Christi 1968, writ ref'd n.r.e.)). Dedication is a mere offer and the
filing does not constitute an acceptance of the dedication. See Langord v. Kraft, 498 S.W.2d 42, 49
(Tex. Civ. App.- Beaumont 1973, writ ref'd n.r.e.). However, one method of acceptance is through
use by the public or local authorities. See Stein v. Killough, 53 S.W.3d 36, 42 (Tex. App.- San
Antonio 2001, no pet.). The use need not be for any specific length of time. Id.  A short period of
use generally is sufficient, as long as the use continues for such a period that it may be inferred that
the public desires to accept in perpetuity the offer of use. Id. (citing Schwertner v. Jones, 456
S.W.2d 956, 958 (Tex. Civ. App.- Austin 1970, no writ)). The Millers directed the trial court to no
evidence other than the aforementioned subdivision plat, and our review of the summary judgment
evidence does not reveal any evidence that the dedication in the present case was ever accepted. 
Toby Miller's affidavit merely states that the previous owner of the property allowed access to the
roads, but makes no mention of what length of time, if any, he, or any other member of the public,
actually made use of the roads. It also does not establish what roads were actually in existence, if
any at all. Therefore, inasmuch as the filing of a subdivision plat is not evidence of an acceptance
of an offer of dedication, and there is no evidence of acceptance of the dedication by public use or
any other specific factual means, we hold that the trial court did not err in granting Elliot's no-evidence motion for summary judgment as to the Millers' implied dedication claim. The Millers'
sole issue is overruled. 

 Accordingly, the trial court's order granting Elliot's no-evidence motion for summary
judgment is affirmed.

 LOUIS B. GOHMERT, JR. 

 Chief Justice



Opinion delivered July 24, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.











(PUBLISH)
1. Due to the sparse summary judgment evidence presented by the Millers in this case, some of these alleged
facts were only asserted in appellate filings but were not wholly supported by the summary judgment evidence. In
our determination of the propriety of the trial court's order granting Elliott's no-evidence summary judgment, we did
not rely on any purported facts not actually contained in the summary judgment evidence.

2. See n.1.
3. See n.1.
4. We iterate that a no-evidence motion for summary judgment must state the elements as to which there is
no evidence. Tex. R. Civ. P. 166a(i). However, inasmuch as the Millers did not raise such an objection to the trial
court in their response, we may not consider the issue on appeal as a ground for reversal. See City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 675 (Tex. 1979).
5. We note that there is no indication on the plat as to the driveway in question. Toby Miller's affidavit
makes no mention of the subdivision plat and makes little reference to it other than that Elliot "attempted to prevent
access to the roads described within the subdivision plat." Going by nothing more than the plat attached to the
Millers' response to Elliot's no-evidence motion for summary judgment, it is impossible for us to tell whether the
driveway at issue even existed at the time the plat was filed. However, to the extent that the Millers claim a right to
use other roads indicated on the plat which were purportedly dedicated, that point is addressed below.