OPINION HEADING PER CUR 







                     NO. 12-04-00159-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

ROOSEVELT TAYLOR,                                    §     APPEAL FROM THE 188TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


GOOD SHEPHERD HOSPITAL, INC.,           §     GREGG COUNTY, TEXAS 
APPELLEE




 
MEMORANDUM OPINION
            Roosevelt Taylor appeals the trial court’s order granting a no-evidence summary judgment
in favor of Appellee, Good Shepherd Hospital, Inc. (the “Hospital”). Taylor raises one issue on
appeal. We affirm.

Background
            The summary judgment evidence indicates that on December 15, 2000, Taylor traveled from
Marshall, Texas to visit his younger brother at the Hospital in Longview, Texas. He went to the
nurses’ station in the Hospital’s Intensive Care Unit (“ICU”) to find out where his brother was. 
Taylor stated that there was nothing in the walkway leading to the nurses’ station as he approached
it. 
            Taylor’s deposition testimony reflects that he remained at the ICU nurses’ station for between
five and seven minutes. As Taylor turned to leave the nurses’ station, he tripped over a step stool. 
Only Hospital nurse Lori Lobley saw Taylor trip over the step stool, which, according to her incident
report, was located against a wall in ICU. Lobley stated that she could not remember any further
details of the incident. Neither Lobley nor any of the Hospital employees


 whose depositions are part
of the summary judgment evidence testified as to how or when the step stool was placed next to the
wall. 
            Taylor testified that he did not know how the step stool came to be next to him during the time
he was at the nurses’ station. Taylor further testified that there had been lots of activity in the area at
that time, but he had not noticed anyone placing a step stool next to him. 
            Moreover, Taylor testified that after he tripped over the stool, he was taken to the Hospital’s
emergency room. Taylor stated that he experienced pain in his hand and foot. However, the record
is silent as to what occurred in the emergency room. Further, there is no evidence in the record
concerning injuries or other form of damages that might have been associated with the fall.
            Thereafter, Taylor filed suit against the Hospital. The Hospital answered and, subsequently,
filed a no-evidence motion for summary judgment.


 Ultimately, the trial court granted the Hospital’s
no-evidence motion for summary judgment, and this appeal followed. 
 
No-Evidence Motion for Summary Judgment
            In his sole issue, Taylor argues that the trial court erred in granting the Hospital’s no-evidence
motion for summary judgment.
Standard of Review
            After adequate time for discovery, a party without presenting summary judgment evidence may
move for summary judgment on the ground that there is no evidence of one or more essential elements
of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ.
P. 166a(i). The motion must specifically state the elements for which there is no evidence. Fraud-Tech, Inc. v. Choicepoint, Inc., 102 S.W.3d 366, 374 (Tex. App.-Fort Worth 2003, pet. denied). The
trial court must grant the motion unless the nonmovant produces summary judgment evidence that
raises a genuine issue of material fact. Id.
            In reviewing the summary judgment record to determine if there was legally sufficient evidence
to raise a fact question on the theory of law upon which the claim is based, we consider the
evidence in the light most favorable to the nonmovant. See Morgan v. Anthony, 27 S.W.3d 928, 929
(Tex. 2000). A no-evidence motion is properly granted if the nonmovant fails to bring forth more than
a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of
a nonmovant’s claim on which the nonmovant would have the burden of proof at trial. Miller v.
Elliott, 94 S.W.3d 38, 42 (Tex. App.-Tyler 2002, pet. denied). If the evidence supporting a finding
rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, more
than a scintilla of evidence exists. Id. Less than a scintilla of evidence exists when the evidence is
so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that
there is no evidence. Id. at 42–43. 
Premises Liability
            Taylor contends that he was an invitee of the Hospital and that the Hospital’s duty to him was
the duty owed an invitee rather than the duty owed a licensee. The Hospital does not dispute Taylor’s
designation. We will, therefore, regard Taylor as an invitee for the purposes of this opinion. When
an injured party is an invitee, the elements of a premises claim are as follows: 
 
1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;
 
2) The condition posed an unreasonable risk of harm;
 
3) The owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
 
4) The owner or occupier’s failure to use such care proximately caused the plaintiff’s injury.
 
See CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000).
Actual or Constructive Knowledge
            The Hospital owed Taylor, its invitee, a duty to exercise reasonable care to protect him from
dangerous conditions in the walkway leading to the ICU nurses’ station that were known or reasonably
discoverable, but it was not an insurer of his safety. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812,
814 (Tex. 2000). To defeat the Hospital’s no-evidence motion for summary judgment, Taylor was
required to produce more than a scintilla of evidence supporting that the Hospital had actual or
constructive notice that the step stool would be in his pathway as he walked to and from the ICU
nurses’ station. The five Hospital employees who testified claimed that no one knew about the step
stool being placed next to the wall where Taylor was standing. From such testimony, it reasonably
follows that none of them knew that the step stool was there or who had placed it there. Taylor
likewise testified that he did not know how the step stool came to be next to him, nor had he seen
anyone place it there. Therefore, Taylor was unable to raise a scintilla of summary judgment evidence
to support the requisite element that the Hospital possessed actual knowledge of a condition on the
premises. 
            Constructive knowledge is a substitute in the law for actual knowledge. See CMH Homes,
Inc., 15 S.W.3d at 102. If there is no actual knowledge of the condition posing an unreasonable risk
of harm, constructive knowledge can be based on the length of time that the condition existed before
the injury. Id. In premises liability cases, constructive knowledge can be established by showing that
the condition had existed long enough for the owner or occupier to have discovered it upon reasonable
inspection. Id. at 102–03. Taylor testified that he had not seen the step stool as he walked up to the
nurses’ station. No one else had seen it. Taylor stated that everyone was busily moving around while
he was at the nurses’ station. Barnes testified that this incident occurred early in the shift. Given the
short time that Taylor was at the nurses’ station, we conclude that there is less than a scintilla of
evidence supporting that the step stool was against the wall long enough to have been reasonably
discovered. Therefore, we hold that Taylor did not meet his burden to produce summary judgment
evidence that the Hospital possessed constructive knowledge of a condition on the premises.
            Damages
            Taylor had the burden to produce summary judgment evidence that he was damaged as a result
of the Hospital’s conduct. See Fraud-Tech., Inc., 102 S.W.3d at 385. Taylor’s summary judgment
evidence showed that his hand and foot hurt after he tripped over the step stool. However, the record
does not indicate the nature or degree of Taylor’s injuries, if any, nor does it reflect that Taylor suffered
any monetary damage as a result of the Hospital’s conduct. We conclude that Taylor’s evidence of
damages amounts to less than a scintilla. 
 
Disposition
            Taylor failed to bring forth more than a scintilla of probative evidence to raise a genuine issue
of material fact as to an essential element of his claim. Therefore, we hold that the trial court properly
granted the Hospital’s no-evidence motion for summary judgment. Accordingly, we overrule Taylor’s
sole issue and affirm the trial court’s judgment.
 
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
 
 
Opinion delivered August 24, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)