January 17, 2008

The Honorable R. Kelton Conner
Hood County Attorney
1200 West Pearl Street
Granbury, Texas 76048

Opinion No. GA-0594

Re: Whether Hood County is responsible for maintaining certain subdivision roads
(RQ-0606-GA)

Dear Mr. Connor:

You ask whether Hood County is responsible for maintaining roads in residential subdivisions within the county, in particular the roads in Hill Country Estates.[1] The Legislature has delegated to the commissioners courts the authority to build, maintain and control county roads, subject to statutory limits. *See* TEX. TRANSP. CODE ANN. §§ 251.003 (Vernon 1999) (commissioners court may build and maintain county roads), .016 (Vernon Supp. 2007) (commissioners court may exercise general control over all roads, highways, and bridges in the county). By granting a commissioners court this authority, the Legislature imposed on it a duty to make the roadways safe for public travel. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 31–32 (Tex. 2003).

In connection with your question about road maintenance, you submit documents from the plat of Hill Country Estates consisting of a map and two pages of restrictions. *See* Request Letter/Brief, *supra* note 1, at Exhibit C. The map includes a notation stating that the landowner dedicates the roads and easements shown thereon to public use and that "[t]he 60 foot roads are not maintained by the county." *Id.* (map attached to Exhibit C). A different provision is included in a list of restrictions attached to the map:

> Roads shall be constructed by seller and each tract shall be assessed $30 per year for maintenance. All roads will be private and will not be maintained by the County.

*Id.* (item 11 on page 2 of Exhibit C) (filed for record by Hood County Clerk, September 26, 1983). Another provision states that "[t]hese restrictions shall terminate 20 years from date hereof unless extended by a majority vote of the property owners association." *Id.* (item 14 on page 2 of Exhibit C).

---

[1] *See generally* Letter and Brief from Honorable R. Kelton Conner, Hood County Attorney, to Honorable Greg Abbott, Attorney General of Texas (July 20, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter/Brief].

You state that the Hood County Commissioners Court approved the plat on September 26, 1983. *See id.* at Exhibit B (Hood County Commissioners Court, Sept. 26, 1983 Meeting Minutes). The minutes of the commissioners court's meeting for that date list as an item for discussion and action "Subdivision Plats Presented for Approval." *Id.* All members of the commissioners court voted in favor of a motion "to approve plat of THE HILL COUNTRY." *Id.* The minutes recorded that other subdivision plats were approved and stated that "[n]one of the roads in said subdivisions were accepted by the County." *Id.* In connection with this background, you first ask whether Hood County is required to maintain the roads in Hill Country Estates.[2] *See id.* at 4 (Questions Presented).

We begin by summarizing the law governing county regulation of subdivisions. Local Government Code chapter 232 authorizes the commissioners court to establish requirements for subdivisions, such as the width of right-of-way on streets or roads and specifications relating to the construction of each street or road. *See* TEX. LOC. GOV'T CODE ANN. § 232.003(1)–(4) (Vernon 2005). The commissioners court may also require the landowner to execute a bond payable to the county judge or his successors with the condition "that the roads and streets and the drainage requirements for the subdivision will be constructed . . . in accordance with the specifications adopted by the court; and . . . within a reasonable time set by the court." *See id.* § 232.004(5); *see also id.* § 232.0045 (financial guarantee in lieu of bond). When the owner of land located outside of city limits divides the land, he must ordinarily have a plat[3] of the subdivision prepared in accordance with section 232.001 if he divides it to lay out:

(1) a subdivision of the tract, including an addition;

(2) lots; or

(3) streets, alleys, squares, parks, or other parts of the tract intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent to the streets, alleys, squares, parks, or other parts.

*Id.* § 232.001(a).

The plat must be filed and recorded with the county clerk of the county in which the tract is located, subject to the filing and recording provisions of Property Code section 12.002. *See id.* § 232.001(d)–(e); *see also* TEX. PROP. CODE ANN. § 12.002 (Vernon Supp. 2007). As a prerequisite to recording the plat with the county clerk, the commissioners court of the county where the land is

---

[2]You ask if Attorney General Opinion GA-0513 (2007), which deals with a subdivision road in which the public has acquired an interest, establishes county responsibility for Hood County subdivision roads. *See* Request Letter, *supra* note 1, at 4.

[3]Local Government Code section 232.021(8) defines "plat" as "a map, chart, survey, plan, or replat containing a description of the subdivided land with ties to permanent landmarks or monuments." TEX. LOC. GOV'T CODE ANN. § 232.021(8) (Vernon 2005).

located must approve the plat. *See* TEX. LOC. GOV'T CODE ANN. § 232.002(a) (Vernon 2005). The commissioners court may refuse to approve a plat if it does not meet the requirements prescribed by or under chapter 232 or if any bond required under the chapter is not filed with the county. *See id.* Once a person who seeks to file and record a plat has complied with the statutory requirements, the commissioners court has a ministerial duty to approve the plat and thus authorize its filing. *See Comm'rs Ct. v. Frank Jester Dev. Co.*, 199 S.W.2d 1004, 1007 (Tex. Civ. App.—Dallas 1947, writ ref'd n.r.e.).

A commissioners court's approval of a plat allows it to be filed in the county records, but it does not convert private roads represented on the plat into county roads or impose on the county a duty to maintain them. *See id.* Hood County's acquisition of a public interest in a private road is governed by Transportation Code chapter 281, which applies to counties with a population of 50,000 or less. *See* TEX. TRANSP. CODE ANN. § 281.001 (Vernon 1999). The predecessor of chapter 281, adopted in 1981, applied to Hood County when the Hill Country Estates plat was filed in 1983.[4] *See* Act of June 1, 1981, 67th Leg., R.S., ch. 613, § 6, 1981 Tex. Gen. Laws 2412, 2413 (current version at TEX. TRANSP. CODE ANN. § 281.001 (Vernon 1999)). The predecessor of Transportation Code section 281.002 provided that a county may not acquire any public interest in a private road except by "(1) purchase; (2) condemnation; (3) dedication; or (4) adverse possession." *See id.* § 2(a), at 2412 (amended 1985) (current version at TEX. TRANSP. CODE ANN. § 281.002 (Vernon 1999)). A public interest once established in accordance with the predecessor law had to be recorded in the records of the commissioners court of the county in which the road was located. *See id.* § 2(b), at 2412 (amended 1985) (current version at TEX. TRANSP. CODE ANN. § 281.005 (Vernon 1999)). Under the predecessor law, neither the use of a private road by the public with the owner's permission nor maintenance of a private road with public funds was sufficient to establish adverse possession. *See id.* § 5, at 2413 (current version at TEX. TRANSP. CODE ANN. § 281.004 (Vernon 1999)). Since 1985, a county has been able to acquire a public interest in a private road by adverse possession only with a court's "final judgment of adverse possession." Act of May 27, 1985, 69th Leg., R.S., ch. 509, § 1, 1985 Tex. Gen. Laws 2099, 2099 (current version at TEX. TRANSP. CODE ANN. § 281.002 (Vernon 1999)).

You have provided no information suggesting that Hood County obtained an interest in the Hill Country Estates roads by the statutorily required methods of purchase, condemnation, or adverse possession. We will thus consider whether the county acquired a public interest in these roads by the remaining authorized method of dedication.

The predecessor of chapter 281 defined "dedication" as "the explicit, written communication to the commissioners court of the county in which the land is located of a voluntary grant of the use of a private road for public purposes." Act of June 1, 1981, 67th Leg., R.S., ch. 613, § 1, 1981 Tex. Gen. Laws 2412, 2412 (current version at TEX. TRANSP. CODE ANN. § 281.003 (Vernon 1999)). It thereby abolished the common-law doctrine of implied dedication in counties with a population of

---

[4]The population of Hood County was 17,714 in 1980. *See* United States Census Bureau, U.S. Dep't of Commerce, Population of Counties by Decennial Census: 1900 to 1990, *available at* http://www.census.gov/population/cencounts/tx190090.txt (last visited Jan. 8, 2008).

less than 50,000, as of its effective date of August 31, 1981. *See Lindner v. Hill*, 691 S.W.2d 590, 592 (Tex. 1985). A landowner's dedication of roads for public use will moreover not be effective unless it is accepted on behalf of the public. *See Ford v. Moren*, 592 S.W.2d 385, 390 (Tex. Civ. App.—Texarkana 1979, writ ref'd n.r.e.). "The recording of a map or plat which shows streets or roadways thereon, without more, does not constitute a dedication, as a matter of law, of such streets as public roadways." *Id.* at 390 (quoting *Aransas County v. Reif*, 532 S.W.2d 131, 134 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.)); *see Frank Jester Dev. Co.*, 199 S.W.2d at 1007.

As we have observed, a note on the plat states that "The Hill Country, Ltd. is the owner of the land shown hereon and does hereby dedicate for public use the roads and easements as shown on the above map" and that "[t]he 60 foot roads are not maintained by the county." Request Letter/Brief, *supra* note 1, at Exhibit C (map attached to Exhibit C). However, the restrictions attached to the plat include the conflicting statements that "[r]oads shall be constructed by seller and each tract shall be assessed $30 per year for maintenance" and that "[a]ll roads will be private and will not be maintained by the County." *Id.* (item 11 at page 2 of Exhibit C and attached map); *see generally Ford*, 592 S.W.2d at 392 (there are many subdivisions in which the streets are owned and maintained by the subdivision for the private use of persons owning lots in the subdivision). Yet another provision states that "[t]hese restrictions shall terminate 20 years from date hereof unless extended by a majority vote of the property owners association." Request Letter/Brief, *supra* note 1, at Exhibit C (item 14 at page 2 of Exhibit C). Given the conflicting statements on the plat and in the restrictions, we cannot say that there is an "explicit, written communication to the commissioners court . . . of a voluntary grant of the use of a private road for public purposes."[5] *See* Act of June 1, 1981, 67th Leg., R.S., ch. 613, § 1, 1981 Tex. Gen. Laws 2412, 2412 (current version at TEX. TRANSP. CODE ANN. § 281.003 (Vernon 1999)). We see no basis in the information you have provided for concluding that the roads in Hill Country Estates were dedicated to Hood County.

Moreover, even if the roads in question were dedicated to the public, they would not be county roads unless the commissioners court accepted the roads into the county road system. *See Miller v. Elliott*, 94 S.W.3d 38, 45 (Tex. App.—Tyler 2002, pet. denied); *Frank Jester Dev. Co.*, 199 S.W.2d at 1006–07. "[D]edication is a mere offer" and a commissioners court's approval of a plat filing that contains a dedication does not constitute an acceptance of the dedication. *Langford v. Kraft*, 498 S.W.2d 42, 49 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.; writ dism'd w.o.j.[6]). Until a county, through its commissioners court, accepts a public interest in a road dedicated in a plat, that road is not a county road. *See Miller*, 94 S.W.3d at 45; *Frank Jester Dev. Co.*, 199 S.W.2d at 1006–07; Tex. Att'y Gen. Op. No. GA-0139 (2004) at 4. Again, you have provided no information or evidence suggesting that the commissioners court has accepted a dedication of roads

---

[5]Instruments such as dedications and restrictive covenants are subject to the general rules of contract construction. *Ostrowski v. Ivanhoe Prop. Owners Improvement Ass'n, Inc.*, 38 S.W.3d 248, 252 (Tex. App.—Texarkana 2001, pet. denied). Thus, it may not be possible to construe them in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0176 (2004) at 2 (this office does not construe the terms of a particular contract but will address applicable general legal principles).

[6]Two causes were reviewed in a single opinion.

in the Hill Country Estates subdivision. As already indicated, the commissioners court's approval of a plat for filing does not constitute acceptance of a dedication. *See Ford*, 592 S.W.2d at 390, *Frank Jester Dev. Co.*, 199 S.W.2d at 1007. In answer to your first question, we cannot conclude that these roads are county roads or that the commissioners court has any duty to provide for their maintenance.[7]

You also ask a second and third question, which we will answer together:

> If a county is not required to maintain the roads in a subdivision under Question 1, if a county commissioner—without the approval of the commissioners' court—uses the county road crew to repair one road in such a subdivision, is the county subsequently obligated to:
>
> (a) Maintain only the road or portion of the road repaired at the request of the commissioner; or
>
> (b) Maintain all of the roads in the subdivision?
>
> If evidence subsequently shows that the commissioner in Question 2 performed work on more than one road and/or on more than one occasion, would that alter your opinion concerning the obligation of Hood County to maintain the subdivision roads?

Request Letter, *supra* note 1, at 4.

As we have already noted, Transportation Code section 281.002 and its predecessor provide that a county may not acquire a public interest in a private road except by purchase, condemnation, dedication, or adverse possession. *See* TEX. TRANSP. CODE ANN. § 281.002 (Vernon 1999); Act of June 1, 1981, 67th Leg., R.S., ch. 613, § 2, 1981 Tex. Gen. Laws 2412, 2412. Purchase and condemnation are not at issue here, and we have determined in answer to your first question that dedication of the Hill Country Estates roads to the public is not demonstrated by the information you have provided. Under Transportation Code section 281.004 and its predecessor, maintenance of a private road with public funds does not establish adverse possession of the road. *See* TEX. TRANSP. CODE ANN. § 281.004 (Vernon 1999); Act of June 1, 1981, 67th Leg., R.S., ch. 613, § 5, 1981 Tex. Gen. Laws 2412, 2413. Moreover, individual members of the commissioners court have no authority to bind the county by their separate actions. *See Ex parte Conger*, 357 S.W.2d 740, 743 (Tex. 1962), *Canales v. Laughlin*, 214 S.W.2d 451, 455 (Tex. 1948). We conclude that a county commissioner's maintenance of private roads in Hill Country Estates does not impose on Hood County any obligation to maintain those roads.

---

[7]In view of our conclusion that no dedication of subdivision roads is shown, we need not address Attorney General Opinion GA-0513 (2007).

## S U M M A R Y

A commissioners court's approval of the subdivision plat for filing does not constitute county acceptance of a dedication of roads depicted on the plat. Under Transportation Code chapter 281 counties with a population of 50,000 or less may acquire a public interest in a private road only according to the specific methods set out in that chapter. A road may be dedicated to a county subject to chapter 281 only by an explicit, written communication to the commissioners court. Adverse possession cannot be shown by maintenance of the road with public funds.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee