Eva LUJAN, Appellant,

v.

**TAMPO MANUFACTURING COMPANY, INC., Rust Equipment Company and Rust Tractor Company, Appellees.**

No. 08–91–00214–CV.

Court of Appeals of Texas, El Paso.

Feb. 19, 1992.

Russell M. Aboud, Aboud & Aboud, Sergio Coronado, El Paso, for appellant.

Larry W. Hicks, Hicks, Ray & McChristian, Ken Coffman, Kemp, Smith, Duncan & Hammond, John Kazen, Kemp, Smith, Duncan & Hammond, P.C., El Paso, for appellees.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

In a suit for personal injuries sustained by a worker on a construction site as a result of being run over by a pneumatic roller, the Appellant alleged causes of action against the manufacturer and the lessor of the roller based on theories of strict products liability, negligence and breaches of express and implied warranties. The trial court granted the Appellees' joint motion for summary judgment and rendered a take-nothing judgment against the Appellant. In her appeal, Appellant brings four points of error. We affirm.

Eva Lujan (Lujan), Appellant, an employee of KNC, Inc., was working as a "flag person" on an Interstate Highway 10 construction job. She had just stepped off the running board of a water truck when she was run over by a Tampo Pneumatic Roller SP 950 and severely injured. Lujan subsequently filed suit against Tampo Manufacturing Company, Inc. (Tampo), the manufacturer of the roller, and against Rust Equipment Company and Rust Tractor Company (Rust), the lessors of the roller, on the theories of strict product liability, negligence and breaches of express and implied warranties. She alleged that the roller was not equipped with an audible alarm at the time of the accident and was therefore defectively and negligently designed, manufactured and marketed. She also alleged that Tampo and Rust had expressly and impliedly warranted to her and to the public in general that the roller "was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner."

To their motion for summary judgment, Tampo and Rust attached the affidavit of Fred Bean, an engineer formerly with Tampo alleged to have expert knowledge about pneumatic rollers. He stated therein that the roller in question was never unsafe for its intended purpose, that it was equipped with a horn but not a backup alarm which was not required because the driver had an unobstructed view and that it was designed, manufactured and marketed in compliance with all federal regulations. Lujan's response to the motion for summary judgment alleged that the roller was required to have an alarm by the Code of Federal Regulations (29 CFR § 1926.602) "even when the view is unobstructed." In support of her response, Lujan appended her own affidavit in which she stated that the roller did not have a backup alarm but that "I was later told by the personnel department, that an alarm was installed subsequent to my accident." Also attached to the response was the affidavit of one Alfredo Lucero, who without identifying himself other than by name, stated:

> After the injury to Eva Lujan on June 25, 1987, it was my responsibility to fill out the Employer's First Report of Injury. I was told to leave blank question number 22A nd [sic] 22B. I was told to answer yes to question number 23. Subsequently questions 22A and 22B and other parts of the report were filled in by other employees. I knew there were no safety appliances or devises [sic] on the vehicle because I ordered them installed the next day.

Following a hearing, the court granted Tampo's and Rust's joint motion for summary judgment and rendered a take-nothing judgment. In her appeal, Lujan asserts four points of error.

In reviewing a summary judgment appeal, the general rule established by the Supreme Court is that this Court must determine whether the successful movant in the trial court carried its burden of showing that there is no genuine issue of a material fact issue and that it is entitled to judgment as a matter of law. *Nix-*

*on v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon,* 690 S.W.2d at 548-49. If the defendant is the movant and he submits summary judgment evidence disproving at least one element of the plaintiff's case, then summary judgment should be granted. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991); *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Rayos v. Chrysler Credit Corporation,* 683 S.W.2d 546, 547 (Tex.App.—El Paso 1985, no writ). The uncontroverted testimony of an expert witness alone is sufficient to support a summary judgment if the subject matter is such that the court would "be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.P. 166a(c). *Anderson,* 808 S.W.2d at 55. While conclusory statements by an expert witness are insufficient to support a summary judgment, if the expert presents legally sufficient evidence in support of the motion, the opposing party must produce other expert testimony to controvert the claims. *Anderson,* 808 S.W.2d at 55.

■ In her first point of error, Lujan challenges the legal sufficiency of the Fred Bean affidavit in support of the motion because it incorrectly concludes that Tampo's and Rust's "compliance with all governmental statutes, rules and regulations in designing and manufacturing the SP 950 [roller] in question is a matter of law non-negligence." Tampo and Rust contend that this point of error has been waived by Lujan's failure to raise it in her response to the motion. The non-movant, however, need not file an answer or response in order to contend on appeal that the grounds stated in the motion for summary judgment are insufficient as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex. 1979). Other than legal sufficiency, though, the non-movant must expressly present to the trial court any reasons seeking to defeat the motion and failing to do so, he may not later assign them as error. *Id.* at 678.

■ Since the legal insufficiency point was not waived, an examination of the Bean affidavit [1] is necessary. As previously stated, Lujan contends that Bean in his affidavit opines that the SP 950 roller in question was not designed or manufactured negligently because "Defendant's/Appellee's [sic] complied with all governmental statutes rules and regulation sin [sic] designing and manufacturing the SP 950." However, a cursory reading of the affidavit reveals that Bean expresses

---

1. Fred Bean's affidavit in support of Tampo's and Rust's motion for summary judgment is as follows:

 My name is Fred Bean, I am over the age of 18 years and am in all respects competent to make this affidavit. I have personal knowledge of each of the facts and opinions stated herein. I am presently the Engineering Department Manager at Vibro Industries, Inc. and at the time Plaintiff's alleged injury I was the Engineering Department Manager at Tampo Manufacturing Company, Inc.

 I have been [sic] a B.S. in Mechanical Engineering from the University of Texas and have been employed as an [sic] mechanical designer at Tampo for sixteen years. I am familiar with the pneumatic roller (SP 950) involved in this lawsuit and was a mechanical designer at Tampo when it was manufactured. I have read Plaintiff's Original Petition and am familiar with Plaintiff's allegations as stated therein. In my opinion, based on my education, training, and experience, [the] roller in question was not defectively designed or manufactured. I am familiar with the OSHA regulations and the SP 950 was manufactured in full compliance with those regulations.

 Specifically, the SP 950 in question had a horn as required by 29 C.F.R. § 1926.-602(9)(i). Further, the SP 950 complied with 29 C.F.R. § 1926.602(9)(ii). A backup alarm was not required because the view to the rear of the SP 950 is not obstructed. In my opinion, the SP 950 complies with all governmental statutes, rules, and regulations.

FURTHER AFFIANT SAYETH NAUGHT.

 /s/ Fred Bean
 FRED BEAN

his opinion only that the SP 950 roller complied with all governmental statutes, rules and regulations, not that Tampo or Rust were not negligent because of this compliance. Point of Error No. One is overruled.

In Point of Error No. Two, Lujan challenges the sufficiency of Bean's affidavit to support the motion for summary judgment "because it does not state that Fred Bean had personal knowledge of or inspected [the roller in question]." If we treat this as a factual sufficiency challenge, under the rule in *Clear Creek*, the failure of Lujan to point out this alleged defect in her response to the motion for summary judgment waived the error, if any, and cannot be considered on appeal. *Clear Creek*, 589 S.W.2d at 678. If, on the other hand, we assume this to be another legal sufficiency challenge, it still fails because Bean states clearly and unequivocally that he has personal knowledge of each of the facts and opinions in his affidavit and that *the SP 950 in question* had a horn and complied with all the governmental statutes, rules and regulations. *Elder v. Bro*, 809 S.W.2d 799, 800 (Tex.App.—Houston [14th Dist.] 1991, no writ); Tex.R.Civ.P. 166a(f). Point of Error No. Two is overruled.

▮▮ In the third point of error, Lujan asserts that the granting of the summary judgment was error because the "affidavits of Alfredo Lucero and Eva Lujan raise a genuine issue of material fact." In anticipation of her opponents' argument that since she did not controvert their expert's opinion with her own expert, their expert's testimony is uncontroverted, *Anderson*, 808 S.W.2d at 55, Lujan here contends first that Bean cannot be considered an expert since he "was never accepted or even offered to the court as an expert witness." This alleged error was also waived by Lujan's failure to bring it to the court's attention in her response. *Clear Creek*, 589 S.W.2d at 678. There is no mechanism under the rules for offering, or for the court accepting, a witness as an expert in summary judgment proceedings. However, the motion for summary judgment does state that Bean is "an engineer with expert knowledge about pneumatic rollers." Expert testimony is appropriate whenever scientific, technical or other specialized knowledge will assist the fact finder in understanding the evidence or to determine a fact in issue. Tex.R.Civ.Evid. 702. There are no specific guidelines for determining the knowledge, skill or experience required of a particular witness when testifying as an expert; it is within the sound discretion of the court to make that determination, which will not be disturbed on appeal absent a clear abuse of that discretion. *Celotex Corporation v. Tate*, 797 S.W.2d 197, 201 (Tex.App.—Corpus Christi 1990, no writ). From the facts stated in his affidavit, Bean could have been, and undoubtedly was, considered by the court as an expert in the field of earth compacting machinery design.

▮▮ Lujan next asserts that she effectively controverted the factual basis of Bean's assertions by the affidavit of Alfredo Lucero. Opposing affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein. *Elder*, 809 S.W.2d at 800. Lucero's affidavit meets none of these requirements and is not therefore competent controverting evidence. His affidavit fails to state that it is made on the basis of personal knowledge. He fails to lay a predicate for the facts he asserts, i.e. how he knew those facts. Although Lucero states that "[t]here is no legal impediment to my making this affidavit[,]" this is not the functional equivalent of a statement that he is competent to testify to the matters stated therein. Next, Lucero's affidavit is a clear example of lay testimony and as such, is insufficient to controvert Bean's expert testimony. *Anderson*, 808 S.W.2d at 55. Finally, his statement that he "knew there were no safety appliances or devises [sic] on the vehicle because I ordered them installed the next day[,]" even if otherwise competent, fails to controvert Bean's assertion that the roller in question had a horn and met all of the governmental requirements. For much of the same reasons, Lujan's affidavit is not competent to

controvert Bean's affidavit. It does not state that it was made on her personal knowledge, does not affirmatively show that she is competent to testify to the matters stated therein and does not controvert the factual statements made by Bean in his affidavit. The third point of error is overruled.

In her fourth and final point of error, Lujan claims that the summary judgment was erroneously granted because the evidence submitted by Tampo and Rust failed to address all of Lujan's grounds of recovery, namely her causes of action based on "marketing defects" and on breach of express and implied warranties that the roller was of merchantable quality and was safe and fit for the purpose intended. A movant may not be granted judgment as a matter of law on a cause of action not addressed in the summary judgment proceeding. *Chessher v. Southwestern Bell Telephone Company*, 658 S.W.2d 563, 564 (Tex.1983).

In connection with her cause of action for marketing defects, Lujan alleged in her petition that the defendants (Tampo and Rust):

[W]ere negligent in designing, manufacturing, [and] marketing the Tamp [sic] Pneumatic Roller in the following respects:

. . . . .

2. The defendant manufacturer and defendant lessors were negligent in placing the Tempo [sic] Pneumatic Roller on the market without installing an audible alarm, ... as would have been done by a reasonable and prudent manufacturer and lessor under the same or similar circumstances.
3. The defendant manufacturer and defendant lessors were negligent in placing the Tampo Pneumatic Roller on the market without warning the users of the equipment that the roller was required, by federal regulation, to be equipped with an audible alarm prior to being operated.

As has been previously discussed, her claim, based on strict liability for defective design and manufacturing, has been negated by Bean's opinion in his affidavit that the roller in question was not defectively designed or manufactured. She does not allege in her petition a cause of action of strict liability for a marketing defect. Her only claim involving "marketing" is, as set out above in the two allegations of the petition, for negligence in marketing the roller without installing an audible alarm and without warning the users that the roller was required by federal regulation to have such an alarm. Although the allegations in paragraph 2 refer to placing the roller on the "market" without installing an alarm, this really is referring not to marketing but to negligence in design and/or manufacture, theories not addressed by any point of error in her brief and therefore waived. "Marketing" has to do with putting a product in commerce for sale. A "marketing defect" involves a failure to warn, or warn adequately, of dangers or risks of harm or the failure to provide instructions for safe use of a particular product. *Blackwell Burner Company, Inc. v. Cerda*, 644 S.W.2d 512, 516 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); *Nugent v. Utica Cutlery Company*, 636 S.W.2d 805, 811 (Tex.App.—San Antonio 1982, writ dism'd). The "negligent marketing failure to warn" cause of action is hinged on an allegation that the alarm is *required by federal regulations*, a fact that has been effectively negated by Bean's factual assertion to the contrary.

Lujan also asserts a lack of any summary judgment evidence to negate any element of her causes of action "for breach of express and implied warranties that the pneumatic roller was of merchantable quality and was safe and fit for the purpose intended." In order to have a claim for breach of an implied warranty of merchantability (which means that product was not fit for the ordinary purposes for which it was intended), proof of a defect is required. *Plas–Tex, Inc. v. U.S. Steel Corporation*, 772 S.W.2d 442, 443 (Tex.1989). Bean's uncontroverted testimony that the roller was not defectively designed or manufactured negated an essential element of the cause of action based on breach of the

implied warranty. Summary judgment was therefore proper as to that cause of action. *Anderson*, 808 S.W.2d at 55.

 Finally, turning to her cause of action for breach of an express warranty to the public in general and to her specifically that the pneumatic roller was of merchantable quality and was safe and fit for the purpose intended, she undoubtedly is confusing an express warranty with an implied warranty. An express warranty is created when a seller makes an affirmation of fact or a promise to the buyer which relates to the products or goods sold and warrants a conformity to the affirmation or promise. *Bormaster v. Henderson*, 624 S.W.2d 655, 660 (Tex.App.—Houston [14th Dist.] 1981, no writ). There could be no such express warranty as alleged by Lujan in this case unless it was made by Tampo as manufacturer/seller directly to Rust as buyer. Tex.Bus. & Com.Code Ann. § 2.313 (Vernon 1968). Assuming that such an express warranty was made by Tampo to Rust, Lujan would be unable to recover for personal injuries unless she was somehow in privity with the buyer.[2] "Privity" is defined as a mutual or successive relationship to the same rights of property.[3] Without privity, Lujan could have no cause of action for personal injuries based on breach of an express warranty.

There being no valid theories of recovery unnegated by the motion for summary judgment and its supporting affidavit, the fourth point of error is overruled.

Judgment of the trial court is affirmed.

---

**2.** For a thorough comment on the necessity of privity in breach of express warranty cases, see Nelson, *Is Privity Still Required in a Breach of Express Warranty Cause of Action for Personal Injury Damages?* 43 Baylor Law Review 551 (1991).

**3.** Black's Law Dictionary (1979).