COURT OF APPEALS
















COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

STEVEN SCOWN and wife, SUSAN
SCOWN,  )

                                                                              )              
No.  08-05-00090-CV

Appellants,                         )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
394th District Court

ARTHUR AVAN@ NEIE, JR., and wife, SUE )

LYNN NEIE,                                                        )          
of Brewster County, Texas

                                                                              )

Appellees.                          )           
(TC# 2004-02-B8086-CV)

                                                                              )

 

 

O
P I N I O N

 

Appellants, Steven
and Susan Scown, appeal from a summary judgment granted in favor of Appellees,
Arthur AVan@ Neie Jr. and Sue Lynn Neie,
establishing an easement running along the northeastern edge of Appellants= property.  Appellants raise a single issue on appeal,
asserting that the trial court erred in granting Appellees= motion for summary judgment.  We affirm as modified/reform.








This dispute
involves a paved road abutting Appellants=
property referred to generally as Moseley
 Lane in Alpine, Texas. 
Appellants own a three-acre tract abutting Mosely Lane
.  Appellees own a ten-acre tract on the other
side of Moseley lane and access a portion of their  ten-acre tract from the portion of Moseley
lane abutting Appellants=
three-acre tract.  It appears from the
record that Mr. Neie, Sr. originally acquired the three-acre tract by
assumption of the note of Mr. Carl E. Thain and wife Mary Thorne Thain sometime
in 1963.  By deed dated July 16, 1974,
Mr. Neie, Sr. also purchased the ten-acre tract from his brother, Edgar H.
Neie.  There is no dispute that prior to
1976, Mr. Arthur Van Neie, Sr. owned both the three-acre tract and the ten-acre
tract at issue in this case.

Susan Scown is the
daughter of Mr. Arthur Van Neie, Sr and she is married to Steven Scown.  In 1976, Mr. Neie, Sr. sold the three-acre
tract to Appellants.  Shortly after
conveying the three-acre tract to Appellants, Mr. Neie, Sr. sold the ten-acre
tract to Mr. Elton Miles, Appellees predecessor in interest.  Then, in 1977, Appellants reconveyed the
three-acre tract to Mr. Neie, Sr.  Mr.
Neie, Sr. remained the record owner of the three-acre tract until 1999 when he
reconveyed the three-acre tract to Appellants.

Arthur Van Neie,
Jr. is the son of Arthur Van Neie, Sr. 
He and his wife purchased the ten-acre tract from Mr. Miles.  At some point, Appellants began construction
of a fence across Moseley Lane
which would have blocked access to that portion of Moseley Lane which abuts their
property.  Appellees= sought a restraining order temporarily
halting the construction of the fence by Appellants which was ultimately
granted by the trial court.  Appellees
also filed suit seeking a declaratory judgment that the disputed portion of Moseley Lane was an
implied easement or in the alternative, that the disputed portion of Moseley Lane had
been impliedly dedicated as a public roadway. 
Appellees then filed a motion for summary judgment which the trial court
granted.  Appellants timely filed their
notice of appeal.

Standard
of Review








We review a
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex.
2005).  To prevail on a summary judgment
motion, the movant must demonstrate that there are no genuine issues of
material fact and that it is entitled to judgment as a matter of law.[1]  See Tex.R.Civ.P.
166a(c); American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  Once the movant has established a right to
summary judgment, the non‑movant has the burden to respond to the motion
for summary judgment and present to the trial court any issues that would
preclude summary judgment.  City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678 (Tex.
1979).  In reviewing the grant of a
summary judgment, all evidence favorable to the non‑movant must be taken
as true and all reasonable inferences, including any doubts, must be resolved
in the non‑movant=s
favor.  Nixon v. Mr. Property
Management Co., Inc., 690 S.W.2d 546, 548‑49 (Tex. 1985); DeLuna v. Guynes Printing Co.
Of Texas, Inc., 884 S.W.2d 206, 208 (Tex.App.‑- El Paso 1994, writ
denied).








The trial court
may not grant a summary judgment motion by default for lack of an answer or
response by the non-movant when the summary judgment proof is legally
insufficient. City of Houston,
589 S.W.2d at 678.  The non-movant is not
required to file a response to defeat a motion for summary judgment if
deficiencies in the movant=s
own proof or legal theories defeat its right to judgment as a matter of
law.  See id.  The plaintiff, as movant, must conclusively
prove his entitlement to prevail on each element of his cause of action as a
matter of law.  Id. 
However, if the respondent fails to file a response, the only ground for
reversal he or she may raise on appeal is the legal insufficiency of the movant=s summary judgment motion or
proof.  City of Houston, 589
S.W.2d at 678-79; Lujan v. Tampo Mfg. Co., Inc., 825 S.W.2d 505, 508
(Tex.App.‑-El Paso 1992, no writ).

Appellees relied
on two theories in their motion for summary judgment:  (1) implied dedication to public use; and (2)
implied easement by grant.  In its final
order, the trial court specifically found that Appellees had an implied
easement in the disputed section of Moseley
 Lane and also that Appellants predecessor in
interest had impliedly dedicated that section for public use.  Appellants did not file a response to
Appellees= summary
judgment motion and did not file controverting affidavits within the time
period specified by Rule 166a(c). 
Appellants instead filed a motion seeking leave of court to file
controverting affidavits which the trial court granted.  In response to Appellants= motion for leave of court, Appellees
filed written objections to the controverting affidavits of Steven Scown, Susan
Scown, and Vicky Conwell which the trial court apparently granted.

In Appellants= sole issue,[2]
they argue generally that the trial court erred in granting summary judgment in
favor of Appellees.  Because Appellants
did not file a response to the summary judgment motion, they are limited to
challenging the sufficiency of the grounds in the summary judgment motion or
the evidence.  Lujan, 825 S.W.2d
at 508.  We interpret Appellants= argument as a challenge to the
sufficiency of the summary judgment grounds and evidence.  We agree with Appellants first argument that
the trial court erred in granting summary judgment on the ground that an
implied easement existed in favor of Appellees.








An easement is a
liberty, privilege, or advantage granted to a person, either personally, or
because of that person=s
ownership of a specified parcel of land, to use another parcel of land for some
limited purpose.  Miller v. Elliott,
94 S.W.3d 38, 43 (Tex.App.‑-Tyler 2002, pet. denied), citing Daniel
v. Fox, 917 S.W.2d 106, 110 (Tex.App.--San Antonio 1996, writ denied).  Easements may be created by express grant, by
implication, by necessity, by estoppel, and by prescription.  Tiller v. Lake Alexander Properties, Ltd.,
96 S.W.3d 617, 621 (Tex.App.--Texarkana 2002, no pet.).

An implied
easement arises where the circumstances surrounding a conveyance of land from a
common owner results in an easement being created between the severed
tracts.  Mitchell v. Castellaw,
246 S.W.2d 163, 167 (Tex.
1952).  For example, when a common owner
uses one tract of land for the benefit of another but subsequently conveys
either tract, an implied easement may thus be created.  Drye v. Eagle Rock Ranch, Inc., 364
S.W.2d 196, 207 (Tex.
1962).  The law will read into an
instrument that which the parties would have intended had they been fully aware
of the surrounding circumstances and given the transaction proper
consideration.  See Mitchell, 246
S.W.2d at 167.








A tract of land
burdened by an easement is known as the servient estate while the tract of land
benefitted by the easement is referred to as the dominant estate.  See Daniel, 917 S.W.2d at 110.  If the dominant estate is retained by the
grantor and the servient estate is conveyed, an implied easement is said to
have been Areserved.@ 
Id.  The test for whether an implied easement by
reservation exists requires that the party claiming the easement
demonstrate:  (1) unity of ownership
prior to the separation; (2) access must be a necessity and not a mere
convenience; and (3) the necessity must exist at the time of severance of the
two estates.  Koonce v. Brite Estate,
663 S.W.2d 451, 452 (Tex.
1984); Daniel, 917 S.W.2d at 111. 
The degree of Anecessity@ required to support a finding of
implied easement by reservation is strict necessity.  Drye, 364 S.W.2d at 208.

On the other hand,
if the dominant estate is conveyed while the grantor retains the servient
estate, an easement is said to have been Agranted.@ 
Daniel, 917 S.W.2d at 110. 
The test for whether an implied easement by grant exists is (1) whether
there was unity of ownership of the dominant and servient estates and that the
use was (2) apparent, (3) in existence at the time of the grant, (4) permanent,
(5) continuous, and (6) reasonably necessary to the enjoyment of the premises
granted.  Id. 
The test required to support a finding of implied easement by grant is
less burdensome than that required to support a finding of implied easement by
reservation.  See id. at 111.  Finally, whether the operative set of facts
exist to establish an implied easement is determined at the time of
severance.  Id.








Appellees= motion for partial summary judgment
set out the elements for an implied easement by grant.  Summary judgment is proper only on grounds
that are expressly set forth in the motion. 
See Tex.R.Civ.P.
166a(c).  In this case, an implied
easement by either grant or reservation could only have been created prior to the
1976 severance.  In 1976, Mr. Neie, Sr.
conveyed the servient estate to Appellants while retaining the dominant
estate.  Shortly thereafter, by deed
dated January 13, 1977, Mr. Neie, Sr. conveyed the dominant estate to
Mr. Elton Miles and his wife.  Although
Appellants re-conveyed the servient estate to Mr. Neie, Sr. by deed dated March
31, 1977, the re-conveyance occurred after the conveyance of the ten-acre tract
to Mr. Miles.  Mr. Neie, Sr. never again
regained possession of the dominant estate such that he held both tracts of
land simultaneously after 1976. 
Therefore, the only period in which the requisite unity of ownership
could have existed was prior to the 1976 severance.[3]

Thus, under these
facts, Mr. Neie, Sr. could only have Areserved@ an implied easement in the three-acre
tract at the time of the 1976 conveyance. 
For Appellees to prove the existence of an implied easement, they were
required to plead and prove the elements of an implied easement by Areservation.@  Because the trial court granted the summary
judgment motion based on an implied easement by Agrant@ rather than an implied easement by Areservation,@
summary judgment on this ground was improper.

That brings us to
the additional ground set forth in the summary judgment motion and granted by
the trial court -- implied dedication of a public roadway.  Common law dedication can either be express
or implied.  Implied dedications, such as
the one at issue here, are based on the acts and conduct of the landowner.  See O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d
878, 882 (1960).  Chapter 281 of the
Transportation Code abolished the common law doctrine of implied dedication in
counties with populations of less than 50,000. 
See Tex.Transp.Code Ann.
' 281.003(b)(Vernon 1999)(AAn
oral dedication or intent to dedicate by overt act is not sufficient to
establish a public interest in a private road under this chapter.@). 
The statute does not apply retroactively and therefore does not affect
an implied dedication occurring before its effective date of August 31,
1981.  Lindner v. Hill, 691 S.W.2d
590, 592 (Tex. 1985); Las Vegas Pecan &
Cattle Co., Inc. v. Zavala County, 682 S.W.2d 254, 256 (Tex. 1984). 
If an implied dedication occurred prior to that date by a previous
owner, a subsequent purchase of the property does not affect the
dedication.  Baker v. Peace, 172
S.W.3d 82, 87 (Tex.App.‑-El Paso 2005, pet. denied).








A valid dedication
can only be made by the owner in fee.  Dinwiddie v. American Trading & Prod.
Corp., 373 S.W.2d 867, 869 (Tex.Civ.App.‑‑El Paso 1964, no
writ).  There are four essential elements
of implied dedication:  (1) the acts of
the landowner induced the belief that the landowner intended to dedicate the
road to public use; (2) he was competent to do so; (3) the public relied on these
acts and will be served by the dedication; and (4) there was an offer and
acceptance of the dedication.  Baker,
172 S.W.3d at 87, citing Las Vegas Pecan & Cattle Company, Inc., 682
S.W.2d at 256.  Whether a public right‑of‑way
has been acquired by dedication is a question of fact.  Id.  Something more than simply failing to act or
acquiescence in the use of land is required to find that a dedication was
intended although direct evidence of an overt act or a declaration is not
required.  See id. at 88.  There must be evidence of some additional
factor which implies a donative intent when considered in light of the owner=s acquiescence in the public=s use of the roadway.  Id., citing
Long Island Owner=s Ass=n
v. Davidson, 965 S.W.2d 674, 681 (Tex.App.-‑Corpus Christi 1998, pet.
denied).

The additional
factor may include:  (1) permitting
public authorities to grade, repair, or otherwise improve the roadway; (2)
selling parcels of land from a plat or plan showing the roadway as a means of
access to the parcels; (3) construction of facilities for general public use;
(4) an express representation by the owner of a road to a land purchaser that
the way is reserved for public use; (5) fencing off the roadway from the
remainder of the land; or (6) obtaining a reduction in the purchase price
commensurate with the area of the roadway. 
Baker, 172 S.W.3d at 88.  A
public road does not depend upon its length or upon the places to which it
leads, nor upon the number of persons who actually travel upon it.  Id.
at 90.








In this case,
there is evidence that prior to 1976 and again after March 1977, Mr. Neie, Sr.
was the record owner of the portion of Moseley Lane at issue in this case.  Attached to the summary judgment motion of
Appellees was the deposition testimony of Mr. Neie, Sr.  In his deposition testimony, Mr. Neie, Sr.
stated that he had always believed that the disputed section of roadway was a
public road.  At one point, Mr. Neie, Sr.
approached a county commissioner about having work done on the road.  After his discussion with the county
commissioner, the road was graded.  When
asked, Mr. Neie, Sr. also agreed that the road had always been graded by the
county since he had moved onto the land. 
Mr. Neie, Sr. testified that Moseley
 Lane is currently paved with asphalt and to his
knowledge had been paved at least twice by the county.  In his affidavit, Mr. Arthur AVan@
Neie, Jr., the current owner of the dominate estate, stated that to his
knowledge, Moseley Lane
had been paved since at least 1976.

Additionally, Mr.
Neie, Sr. indicated that when he decided to put up a cattle guard on the
disputed road, he sought permission from the county.  Mr. Neie, Sr. was also questioned about
allowing the public to use the road. 
There was some evidence that members of the public used Moseley Lane
.  Although Mr. Neie, Sr. admitted that when he
owned the land, he did attempt to prevent individuals from using the disputed
portion of Moseley Lane
in order to Akeep
parkers from coming in and beer people -- people from having beer parties.@ 
Mr. Neie, Sr. also admitted that he knew he could not legally make them
leave because the road was a county road. 
Further, according to the plat incorporated into the final order
granting summary judgment, it is apparent that a fence separates the three-acre
tract and the disputed portion of Moseley
 Lane
.  We
therefore find that there is legally sufficient evidence on which a trial court
could find that Mr. Neie, Sr. impliedly dedicated the disputed portion of the
three-acre tract as a public road. 
Appellants= sole
issue is overruled.








We affirm the
order granting summary judgment in favor of Appellees.  However, we delete that portion of the order
granting summary judgment on grounds that an implied easement exists in favor
of Appellees.

 

 

 

June
29, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before McClure, J., Chew, J., and Guadarrama, Judge

Guadarrama, Judge (Sitting by Assignment)











[1]
We note that both Appellants and Appellees cite the standard of review for a 

no-evidence summary judgment
under Texas Rule of Civil Procedure 166a(i). 
However, Appellees bore the burden of proof to establish the existence
of either an implied easement or implied dedication.  Appellees moved for summary judgment alleging
there was no genuine issues of material fact and that they were entitled to
judgment as a matter of law.  Only the
party without the burden of proof may move for summary judgment on the ground
that there is no evidence to support an essential element of the non-movant=s claim or defense.  See Tex.R.Civ.P. 166a(i).





[2]
In two sub-issues, Appellants complain that the trial court erred by granting
summary judgment based on both an implied easement and an implied dedication.





[3]
We express no opinion as to what constitutes Aunity
of ownership@
sufficient for a finding of an implied easement by reservation.