Steven SCOWN and wife, Susan Scown, Appellants,

v.

Arthur "Van" NEIE, Jr., and wife, Sue Lynn Neie, Appellees.

No. 08–05–00090–CV.

Court of Appeals of Texas, El Paso.

June 29, 2006.

Rehearing Overruled Sept. 6, 2006.

Rod Ponton, Alpine, for Appellants.

Dick R. Holland, Boldrick, Clifton, Holland & Essman, Midland, for Appellees.

Before McCLURE, J., CHEW, J., and GUADARRAMA, Judge (Sitting by Assignment).

## OPINION

DAVID WELLINGTON CHEW, Justice.

Appellants, Steven and Susan Scown, appeal from a summary judgment granted in favor of Appellees, Arthur "Van" Neie Jr. and Sue Lynn Neie, establishing an easement running along the northeastern edge of Appellants' property. Appellants raise a single issue on appeal, asserting that the trial court erred in granting Appellees' motion for summary judgment. We affirm as modified/reform.

This dispute involves a paved road abutting Appellants' property referred to generally as Moseley Lane in Alpine, Texas. Appellants own a three-acre tract abutting Mosely Lane. Appellees own a ten-acre tract on the other side of Moseley lane and access a portion of their ten-acre tract from the portion of Moseley lane abutting Appellants' three-acre tract. It appears from the record that Mr. Neie, Sr. originally acquired the three-acre tract by assumption of the note of Mr. Carl E. Thain and wife Mary Thorne Thain sometime in 1963. By deed dated July 16, 1974, Mr. Neie, Sr. also purchased the ten-acre tract from his brother, Edgar H. Neie. There is no dispute that prior to 1976, Mr. Arthur Van Neie, Sr. owned both the three-acre tract and the ten-acre tract at issue in this case.

Susan Scown is the daughter of Mr. Arthur Van Neie, Sr and she is married to Steven Scown. In 1976, Mr. Neie, Sr. sold the three-acre tract to Appellants. Short-

ly after conveying the three-acre tract to Appellants, Mr. Neie, Sr. sold the ten-acre tract to Mr. Elton Miles, Appellees predecessor in interest. Then, in 1977, Appellants reconveyed the three-acre tract to Mr. Neie, Sr. Mr. Neie, Sr. remained the record owner of the three-acre tract until 1999 when he reconveyed the three-acre tract to Appellants.

Arthur Van Neie, Jr. is the son of Arthur Van Neie, Sr. He and his wife purchased the ten-acre tract from Mr. Miles. At some point, Appellants began construction of a fence across Moseley Lane which would have blocked access to that portion of Moseley Lane which abuts their property. Appellees' sought a restraining order temporarily halting the construction of the fence by Appellants which was ultimately granted by the trial court. Appellees also filed suit seeking a declaratory judgment that the disputed portion of Moseley Lane was an implied easement or in the alternative, that the disputed portion of Moseley Lane had been impliedly dedicated as a public roadway. Appellees then filed a motion for summary judgment which the trial court granted. Appellants timely filed their notice of appeal.

## Standard of Review

We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.[1] *See* Tex.R.Civ.P. 166a(c); *American*

Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). In reviewing the grant of a summary judgment, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985); *DeLuna v. Guynes Printing Co. Of Texas, Inc.*, 884 S.W.2d 206, 208 (Tex.App.-El Paso 1994, writ denied).

The trial court may not grant a summary judgment motion by default for lack of an answer or response by the non-movant when the summary judgment proof is legally insufficient. *City of Houston*, 589 S.W.2d at 678. The non-movant is not required to file a response to defeat a motion for summary judgment if deficiencies in the movant's own proof or legal theories defeat its right to judgment as a matter of law. *See id.* The plaintiff, as movant, must conclusively prove his entitlement to prevail on each element of his cause of action as a matter of law. *Id.* However, if the respondent fails to file a response, the only ground for reversal he or she may raise on appeal is the legal insufficiency of the movant's summary judgment motion or proof. *City of Houston*, 589 S.W.2d at 678–79; *Lujan v. Tam-*

---

1. We note that both Appellants and Appellees cite the standard of review for a no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i). However, Appellees bore the burden of proof to establish the existence of either an implied easement or implied dedication. Appellees moved for summary judgment alleging there was no genuine issues of

material fact and that they were entitled to judgment as a matter of law. Only the party without the burden of proof may move for summary judgment on the ground that there is no evidence to support an essential element of the non-movant's claim or defense. *See* Tex.R.Civ.P. 166a(i).

*po Mfg. Co., Inc.,* 825 S.W.2d 505, 508 (Tex.App.-El Paso 1992, no writ).

Appellees relied on two theories in their motion for summary judgment: (1) implied dedication to public use; and (2) implied easement by grant. In its final order, the trial court specifically found that Appellees had an implied easement in the disputed section of Moseley Lane and also that Appellants predecessor in interest had impliedly dedicated that section for public use. Appellants did not file a response to Appellees' summary judgment motion and did not file controverting affidavits within the time period specified by Rule 166a(c). Appellants instead filed a motion seeking leave of court to file controverting affidavits which the trial court granted. In response to Appellants' motion for leave of court, Appellees filed written objections to the controverting affidavits of Steven Scown, Susan Scown, and Vicky Conwell which the trial court apparently granted.

In Appellants' sole issue,[2] they argue generally that the trial court erred in granting summary judgment in favor of Appellees. Because Appellants did not file a response to the summary judgment motion, they are limited to challenging the sufficiency of the grounds in the summary judgment motion or the evidence. *Lujan,* 825 S.W.2d at 508. We interpret Appellants' argument as a challenge to the sufficiency of the summary judgment grounds and evidence. We agree with Appellants first argument that the trial court erred in granting summary judgment on the ground that an implied easement existed in favor of Appellees.

 An easement is a liberty, privilege, or advantage granted to a person, either personally, or because of that person's ownership of a specified parcel of land, to use another parcel of land for some limited purpose. *Miller v. Elliott,* 94 S.W.3d 38, 43 (Tex.App.-Tyler 2002, pet. denied), *citing Daniel v. Fox,* 917 S.W.2d 106, 110 (Tex.App.-San Antonio 1996, writ denied). Easements may be created by express grant, by implication, by necessity, by estoppel, and by prescription. *Tiller v. Lake Alexander Properties, Ltd.,* 96 S.W.3d 617, 621 (Tex.App.-Texarkana 2002, no pet.).

 An implied easement arises where the circumstances surrounding a conveyance of land from a common owner results in an easement being created between the severed tracts. *Mitchell v. Castellaw,* 151 Tex. 56, 246 S.W.2d 163, 167 (1952). For example, when a common owner uses one tract of land for the benefit of another but subsequently conveys either tract, an implied easement may thus be created. *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 207 (Tex.1962). The law will read into an instrument that which the parties would have intended had they been fully aware of the surrounding circumstances and given the transaction proper consideration. *See Mitchell,* 246 S.W.2d at 167.

 A tract of land burdened by an easement is known as the servient estate while the tract of land benefitted by the easement is referred to as the dominant estate. *See Daniel,* 917 S.W.2d at 110. If the dominant estate is retained by the grantor and the servient estate is conveyed, an implied easement is said to have been "reserved." *Id.* The test for whether an implied easement by reservation exists requires that the party claiming the easement demonstrate: (1) unity of ownership prior to the separation; (2) access must be a necessity and not a mere convenience;

---

**2.** In two sub-issues, Appellants complain that the trial court erred by granting summary judgment based on both an implied easement and an implied dedication.

and (3) the necessity must exist at the time of severance of the two estates. *Koonce v. Brite Estate,* 663 S.W.2d 451, 452 (Tex. 1984); *Daniel,* 917 S.W.2d at 111. The degree of "necessity" required to support a finding of implied easement by reservation is strict necessity. *Drye,* 364 S.W.2d at 208.

▇▇▇ On the other hand, if the dominant estate is conveyed while the grantor retains the servient estate, an easement is said to have been "granted." *Daniel,* 917 S.W.2d at 110. The test for whether an implied easement by grant exists is (1) whether there was unity of ownership of the dominant and servient estates and that the use was (2) apparent, (3) in existence at the time of the grant, (4) permanent, (5) continuous, and (6) reasonably necessary to the enjoyment of the premises granted. *Id.* The test required to support a finding of implied easement by grant is less burdensome than that required to support a finding of implied easement by reservation. *See id.* at 111. Finally, whether the operative set of facts exist to establish an implied easement is determined at the time of severance. *Id.*

▇▇▇ Appellees' motion for partial summary judgment set out the elements for an implied easement by grant. Summary judgment is proper only on grounds that are expressly set forth in the motion. *See* Tex.R.Civ.P. 166a(c). In this case, an implied easement by either grant or reservation could only have been created prior to the 1976 severance. In 1976, Mr. Neie, Sr. conveyed the servient estate to Appellants while retaining the dominant estate. Shortly thereafter, by deed dated January 13, 1977, Mr. Neie, Sr. conveyed the dominant estate to Mr. Elton Miles and his wife. Although Appellants re-conveyed

the servient estate to Mr. Neie, Sr. by deed dated March 31, 1977, the re-conveyance occurred after the conveyance of the ten-acre tract to Mr. Miles. Mr. Neie, Sr. never again regained possession of the dominant estate such that he held both tracts of land simultaneously after 1976. Therefore, the only period in which the requisite unity of ownership could have existed was prior to the 1976 severance.[3]

Thus, under these facts, Mr. Neie, Sr. could only have "reserved" an implied easement in the three-acre tract at the time of the 1976 conveyance. For Appellees to prove the existence of an implied easement, they were required to plead and prove the elements of an implied easement by "reservation." Because the trial court granted the summary judgment motion based on an implied easement by "grant" rather than an implied easement by "reservation," summary judgment on this ground was improper.

▇▇▇ That brings us to the additional ground set forth in the summary judgment motion and granted by the trial court—implied dedication of a public roadway. Common law dedication can either be express or implied. Implied dedications, such as the one at issue here, are based on the acts and conduct of the landowner. *See O'Connor v. Gragg,* 161 Tex. 273, 339 S.W.2d 878, 882 (1960). Chapter 281 of the Transportation Code abolished the common law doctrine of implied dedication in counties with populations of less than 50,000. *See* Tex.Transp.Code Ann. § 281.003(b)(Vernon 1999)("An oral dedication or intent to dedicate by overt act is not sufficient to establish a public interest in a private road under this chapter."). The statute does not apply retroactively and therefore does not affect an implied dedi-

---

**3.** We express no opinion as to what constitutes "unity of ownership" sufficient for a

finding of an implied easement by reservation.

cation occurring before its effective date of August 31, 1981. *Lindner v. Hill,* 691 S.W.2d 590, 592 (Tex.1985); *Las Vegas Pecan & Cattle Co., Inc. v. Zavala County,* 682 S.W.2d 254, 256 (Tex.1984). If an implied dedication occurred prior to that date by a previous owner, a subsequent purchase of the property does not affect the dedication. *Baker v. Peace,* 172 S.W.3d 82, 87 (Tex.App.-El Paso 2005, pet. denied).

▆▆▆▆ A valid dedication can only be made by the owner in fee. *Dinwiddie v. American Trading & Prod. Corp.,* 373 S.W.2d 867, 869 (Tex.Civ.App.-El Paso 1963, no writ). There are four essential elements of implied dedication: (1) the acts of the landowner induced the belief that the landowner intended to dedicate the road to public use; (2) he was competent to do so; (3) the public relied on these acts and will be served by the dedication; and (4) there was an offer and acceptance of the dedication. *Baker,* 172 S.W.3d at 87, *citing Las Vegas Pecan & Cattle Company, Inc.,* 682 S.W.2d at 256. Whether a public right-of-way has been acquired by dedication is a question of fact. *Id.* Something more than simply failing to act or acquiescence in the use of land is required to find that a dedication was intended although direct evidence of an overt act or a declaration is not required. *See id.* at 88. There must be evidence of some additional factor which implies a donative intent when considered in light of the owner's acquiescence in the public's use of the roadway. *Id.,citing Long Island Owner's Ass'n v. Davidson,* 965 S.W.2d 674, 681 (Tex.App.-Corpus Christi 1998, pet. denied).

▆▆▆▆ The additional factor may include: (1) permitting public authorities to grade, repair, or otherwise improve the roadway; (2) selling parcels of land from a plat or plan showing the roadway as a means of access to the parcels; (3) construction of facilities for general public use; (4) an express representation by the owner of a road to a land purchaser that the way is reserved for public use; (5) fencing off the roadway from the remainder of the land; or (6) obtaining a reduction in the purchase price commensurate with the area of the roadway. *Baker,* 172 S.W.3d at 88. A public road does not depend upon its length or upon the places to which it leads, nor upon the number of persons who actually travel upon it. *Id.* at 90.

▆▆▆▆ In this case, there is evidence that prior to 1976 and again after March 1977, Mr. Neie, Sr. was the record owner of the portion of Moseley Lane at issue in this case. Attached to the summary judgment motion of Appellees was the deposition testimony of Mr. Neie, Sr. In his deposition testimony, Mr. Neie, Sr. stated that he had always believed that the disputed section of roadway was a public road. At one point, Mr. Neie, Sr. approached a county commissioner about having work done on the road. After his discussion with the county commissioner, the road was graded. When asked, Mr. Neie, Sr. also agreed that the road had always been graded by the county since he had moved onto the land. Mr. Neie, Sr. testified that Moseley Lane is currently paved with asphalt and to his knowledge had been paved at least twice by the county. In his affidavit, Mr. Arthur "Van" Neie, Jr., the current owner of the dominate estate, stated that to his knowledge, Moseley Lane had been paved since at least 1976.

Additionally, Mr. Neie, Sr. indicated that when he decided to put up a cattle guard on the disputed road, he sought permission from the county. Mr. Neie, Sr. was also questioned about allowing the public to use the road. There was some evidence that members of the public used Moseley Lane. Although Mr. Neie, Sr. admitted that when

he owned the land, he did attempt to prevent individuals from using the disputed portion of Moseley Lane in order to "keep parkers from coming in and beer people—people from having beer parties." Mr. Neie, Sr. also admitted that he knew he could not legally make them leave because the road was a county road. Further, according to the plat incorporated into the final order granting summary judgment, it is apparent that a fence separates the three-acre tract and the disputed portion of Moseley Lane. We therefore find that there is legally sufficient evidence on which a trial court could find that Mr. Neie, Sr. impliedly dedicated the disputed portion of the three-acre tract as a public road. Appellants' sole issue is overruled.

We affirm the order granting summary judgment in favor of Appellees. However, we delete that portion of the order granting summary judgment on grounds that an implied easement exists in favor of Appellees.