COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



EARL BAKER AND SYLVIA
BAKER,

                            Appellants,

v.

JAMES A. PEACE, PERSONALLY
AND IN HIS CAPACITY AS
HUDSPETH COUNTY JUDGE;
PILAR ORTEGA, PERSONALLY
AND IN HER CAPACITY AS
COUNTY COMMISSIONER; CURTIS
CARR, PERSONALLY AND IN HIS
CAPACITY AS COUNTY
COMMISSIONER; JIM ED MILLER,
PERSONALLY AND IN HIS
CAPACITY AS COUNTY
COMMISSIONER; AND LARRY
BREWTON, PERSONALLY AND IN
HIS CAPACITY AS COUNTY
COMMISSIONER, 

                            Appellees.

§

§

§

§

§

§

§

§

§

§

§

§








No. 08-04-00070-CV

Appeal from the

394th District Court

of Hudspeth County, Texas

(TC#2001-3613)



O P I N I O N

           This is an appeal from the decision of the trial court entering a final judgment
finding that Appellees are entitled to judgment and declaring a certain road in Hudspeth
County to be a public road. For the reasons stated, we affirm the judgment of the trial
court.
                         I. FACTUAL AND PROCEDURAL BACKGROUND
           This dispute involves a determination of whether a road, marked as #1008 on the
General Highway Map, and which traverses the ranch owned by Appellants, has become
a public county road as a result of implied dedication or by prescription.
           The facts relevant to this dispute are clearly established by the appellate record. 
Earl and Sylvia Baker purchased certain property in Hudspeth County in 1999 for the
purpose of ranching. Included within the boundary of the ranch is the road which has
become the focus of this dispute and which is referred to as the Hot Wells/Green River
Road and which is delineated on a map, included as an exhibit, as #1008 of the General
Highway Map of the State of Texas. Shortly after taking possession of the ranch, the
Bakers installed a lock on a gate which prevented access by the public.
           In February of 2001, the Bakers filed suit against the Hudspeth County Judge and
the County Commissioners, individually and as County Commissioners. The case
proceeded to trial on the Bakers’ Fourth Amended Original Petition for Declaratory
Judgment where they sued the County Judge, County Commissioners, and the Federal
Aviation Administration seeking a declaration that the road in question be declared to be
their private property. The case was ultimately tried before the court and the trial court
entered a judgment in favor of Appellees, Hudspeth County and its County Judge and
Commissioners, declaring the road in question is a public road and that the public and the
County have the right to maintain and use the road without obstruction. Appellants filed
a notice of appeal and request for findings of fact and conclusions of law. The trial court
filed its findings of fact and conclusions of law on May 17, 2004. The Bakers appeal
raising four issues.
II. ISSUES ON APPEAL
           In four issues, Appellants complain of the findings of facts and conclusions of law
found and filed by the trial court below. Issue Nos. One and Two complain that the trial
court erred in finding that there was no evidence or insufficient evidence to support the
court’s finding of implied dedication. Issue Nos. Three and Four question whether there
is legally sufficient or factually sufficient evidence to support the trial court’s finding of a
prescriptive easement as applied to the road in question.
III. STANDARD OF REVIEW
           A “no evidence” or legal insufficiency point is a question of law which challenges
the legal sufficiency of the evidence to support a particular fact finding. There are two
separate “no evidence” claims. When the party having the burden of proof suffers an
unfavorable finding,


 the point of error challenging the legal sufficiency of the evidence
should be that the fact or issue was established as “a matter of law.” When the party
without the burden of proof suffers an unfavorable finding, the challenge on appeal is one
of “no evidence to support the finding.” In re Estate of Livingston, 999 S.W.2d 874, 879
(Tex.App.--El Paso 1999, no pet.); see Creative Manufacturing, Inc. v. Unik, Inc., 726
S.W.2d 207, 210 (Tex.App.--Fort Worth 1987, writ ref’d n.r.e.).
           When attacking the legal sufficiency of the evidence to support an adverse finding
on an issue for which he had the burden of proof, i.e., challenging the trial court’s finding
as a matter of law, the appellant must demonstrate on appeal that the evidence
conclusively established all the vital facts in support of the issue. In re Estate of
Livingston, 999 S.W.2d at 879; Sterner v. Marathon Oil Company, 767 S.W.2d 686, 690
(Tex. 1989); Kratz v. Exxon Corp., 890 S.W.2d 899, 902 (Tex.App.--El Paso 1994, no
writ); Chandler v. Chandler, 842 S.W.2d 829, 832 (Tex.App.--El Paso 1992, writ
denied). A party attempting to overcome an adverse fact finding as a matter of law must
surmount two hurdles. In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767
S.W.2d at 690. First, the record must be examined for evidence that supports the finding,
while ignoring all evidence to the contrary. In re Estate of Livingston, 999 S.W.2d at
879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at 902. Second, if there is no
evidence to support the finding, then the entire record must be examined to see if the
contrary proposition is established as a matter of law. In re Estate of Livingston, 999
S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at 902. Only if the
contrary position is conclusively established will the point of error be sustained. In re
Estate of Livingston, 999 S.W.2d at 879-80; Kratz, 890 S.W.2d at 902; Chandler, 842
S.W.2d at 832.
           In reviewing a factual sufficiency point of error, the appeals court must weigh all
of the evidence in the record. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). Findings
of fact may be overturned only if they are so against the great weight and preponderance
of the evidence as to be clearly wrong and unjust. Id. In that event, the appeals court
must state clearly why the finding is factually insufficient or so against the great weight
and preponderance as to be manifestly unjust. Id.
           An “insufficiency” point invokes a broader standard, requiring this Court to
consider all of the evidence and ascertain whether the evidence supporting the finding is
so weak, or the evidence to the contrary so overwhelming, that the finding should be set
aside and a new trial ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).
IV. DISCUSSION OF EVIDENCE
           After a trial to the court, the court entered findings of fact and conclusions of law. 
The Appellants have filed only general issues that complain only of the findings related to
the implied dedication of the road in question and whether the doctrine of prescriptive
easement applied. We read Issue Nos. One and Two together. Because they are dispositive
of this appeal, we do not reach Issue Nos. Three and Four.
           The evidence at trial was essentially undisputed. Both sides agreed that the roadway
in question was an unimproved dirt road as stipulated by the parties and described on various
maps, as #1008, located in Hudspeth County and generally running parallel to certain railroad
tracks. The FAA is a party to this action because the FAA entered into a lease with the
previous owners of part of the Baker ranch for a road easement that allowed for construction
of a road through the Baker property to provide access to the top of Eagle Peak.


 The
disputed road includes approximately 800 or 900 feet of road that has been paved by the
federal government and continues to provide access to Eagle Peak. The beginning portion
of the improved road connects to the county dirt road which turns off toward the southwest
and continues across the Baker property as road #1008. Appellants and the FAA contend
that the road is a private road that has been used by the public with the permission of the
previous owners. Once the Bakers took possession of the ranch, they installed a lock on the
gate which resulted in the dispute presently before us.
           Many witnesses were called regarding the history and use of the road in question. The
Bakers presented evidence regarding the reasons they desired to close the road. After a two-day trial, the trial court entered a judgment in favor of the County and found that the road
was a public road that had been used by the general public on a consistent and regular basis
since 1928 and met the criteria for a finding of implied dedication to the public of the right-of-way. The trial court also found that the common law easement to the public was
established long before September 1, 1981, and that the public has obtained a prescriptive
easement in roads #1007 and #1008.
           When both legal and factual sufficiency issues are raised, we are required to rule on
the legal insufficiency issue first. Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401
(Tex. 1981). If we find some evidence to support the verdict, we will then review the claim
of factually insufficient evidence. Texas Indus., Inc. v. Vaughan, 919 S.W.2d 798, 801
(Tex.App.--Houston [14th Dist.] 1996, writ denied). A legal sufficiency point will be
sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is
barred by rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere
scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact. Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119,
118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). We consider all of the evidence in the light most
favorable to the prevailing party, indulging every reasonable inference in that party’s favor.
Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998). If
there is any evidence of probative force to support the challenged findings, the legal
sufficiency challenge fails. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex.
1997).
           When presented with a factual insufficiency issue, we must review the entire record,
and will set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence that it is clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).
The court of appeals is not a fact finder. Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402,
407 (Tex. 1998), cert. denied, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). 
Accordingly, we may not pass upon the witnesses’ credibility or substitute our judgment for
that of the fact finder, even if the evidence would clearly support a different result. Pool v.
Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).
           In 1981, the Legislature abolished the common law doctrine of implied dedication as
a means of establishing that a particular road running through private property was a public
road. See Act of May 31, 1981, 67th Leg., R.S., ch. 613, §§ 1, 2 & 4, 1981 Tex. Gen. Laws
2412 (current version at Tex. Transp. Code Ann. §§ 281.002, 281.003 (Vernon 1999)). As
there is no provision in the statute for retroactive application, it can only be applied
prospectively. See Las Vegas Pecan & Cattle Co., Inc. v. Zavala County, 682 S.W.2d 254,
256 (Tex. 1984). If an implied dedication occurred prior to that date by a previous owner,
a subsequent purchase of the property does not affect the dedication. See O’Connor v.
Gragg, 161 Tex. 273, 339 S.W.2d 878, 881-82 (1960); County of Real v. Sutton, 6 S.W.3d
11, 14 (Tex.App.--San Antonio 1999, pet. denied).
Implied Dedication
           “Dedication” is the act of appropriating private land to the public for any general or
public use. Scott v. Cannon, 959 S.W.2d 712, 718 (Tex.App.--Austin 1998, pet. denied).
Once dedicated, the owner of the land reserves no rights that are incompatible with the full
enjoyment of the public. Id. There are four essential elements of implied dedication: (1) the
acts of the landowner induced the belief that the landowner intended to dedicate the road to
public use; (2) he was competent to do so; (3) the public relied on these acts and will be
served by the dedication; and (4) there was an offer and acceptance of the dedication. Las
Vegas Pecan & Cattle Company, Inc., 682 S.W.2d at 256. Whether a public right-of-way
has been acquired by dedication is a question of fact. Lindner v. Hill, 691 S.W.2d 590,
591-92 (Tex. 1985); Viscardi v. Pajestka, 576 S.W.2d 16, 19 (Tex. 1978).
           As a general rule, the intention to dedicate must be shown by something more than an
omission or failure to act or acquiesce on the part of the owner. Greenway Parks Home
Owners Ass’n v. City of Dallas, 159 Tex. 46, 55, 312 S.W.2d 235, 241 (1958). There must
be evidence of some additional factor that implies a donative intention when considered in
light of the owner’s acquiescence in the public’s use of the roadway. Long Island Owner’s
Ass’n v. Davidson, 965 S.W.2d 674, 681 (Tex.App.--Corpus Christi 1998, pet. denied). The
additional factor may include (1) permitting public authorities to grade, repair, or otherwise
improve the roadway; (2) selling parcels of land from a plat or plan showing the roadway as
a means of access to the parcels; (3) construction of facilities for general public use; (4) an
express representation by the owner of a road to a land purchaser that the way is reserved for
public use; (5) fencing off the roadway from the remainder of the land; or (6) obtaining a
reduction in the purchase price commensurate with the area of the roadway. Id.
           Direct evidence of an overt act or a specific declaration on the part of the landowner
indicating an intention to dedicate land to public use as a roadway is not required. Gutierrez
v. County of Zapata, 951 S.W.2d 831, 838 (Tex.App.--San Antonio 1997, no writ). It is
sufficient if the intent is properly inferable from the circumstances in evidence. Id.; Owens
v. Hockett, 151 Tex. 503, 505, 251 S.W.2d 957, 958 (1952). As the Supreme Court of Texas
explained in Owens v. Hockett: The theory of implied dedication carries with it the idea that
the owner consented to the use of his land as a highway to the extent that the court will hold
that he dedicated it to public use, whether by express words, overt acts, or even by such
inaction on the part of the owner as would justify a conclusion that he intended to dedicate
his land to public use. Id. at 507, 251 S.W.2d at 959. There the court sustained a jury
finding of implied dedication for public use, based upon evidence that (1) the road in
question had been used by the public for many years prior to the time the landowner erected
a fence across it, (2) the landowner knew the road was being used by the plaintiffs and the
general public, (3) the landowner and others knew that the County had repaired and graded
the road on many occasions, and (4) the property along the roadway was fenced. Id. at 506,
251 S.W.2d at 958-59.
           Thus, there must be something more than an omission or failure to act or acquiescence
on the part of the landowner. Gutierrez, 951 S.W.2d at 838-39. However, the “something
more” need not rise to the level of an overt act or an explicit declaration demonstrating a
donative intention. Id. at 839. It is enough that a donative intention be inferred from
evidence showing other factors that suggest such an intention under all of the circumstances
surrounding the landowner’s acquiescence in the public’s use of the roadway. Id.; Owens,
151 Tex. at 507, 251 S.W.2d at 959.
           In addition, evidence of long and continued use by the public raises a presumption of
dedication by the owner when the origin of the public use and the ownership of the land at
the time it originated cannot be shown, one way or the other, due to the lapse of time. Graff
v. Whittle, 947 S.W.2d 629, 637 (Tex.App.--Texarkana 1997, writ denied); Fazzino v. Guido,
836 S.W.2d 271, 274 (Tex.App.--Houston [1st Dist.] 1992, writ denied). For this rule to
apply, the origin of the public use and the ownership at that time must be “‘shrouded in
obscurity, and no proof can be adduced showing the intention of the owner in allowing the
use.’” Fazzino, 836 S.W.2d at 274 (citing Dunn v. Deussen, 268 S.W.2d 266, 269
(Tex.Civ.App.--Fort Worth 1954, writ ref’d n.r.e.)). Thus, in Fazzino, the court upheld the
jury’s finding of an implied dedication based on (1) the testimony of the landowners in the
area that “the road was used by the public as far back as they could remember,” (2) the fact
that none of them could testify to the intentions of the owner when such use began, and (3)
the evidence indicating that the road at issue may have been used by the public as early as
1828. Id.
           The case before us contains the testimony of several witnesses who were familiar with
the road and who conclusively established that the road has continually been used by the
public. Several of the witnesses were elderly and confirmed that they had traveled the
roadway since at least the 1920’s and regularly since that time. Several of the witnesses
describe regular county maintenance performed on the road during the long history of its use. 
Significantly, no witnesses testified that the road had been kept as a private road or that
members of the public had ever been excluded from use of the road. We also note that no
witnesses testified about the origination of the road.
           A previous owner of the property in question, Calvin Ray Guest, testified that he had
no knowledge that anyone had tried to limit access to the road and he was aware that the
general public traveled the roadway. Mr. Guest provides some testimony about discussions
that the County allegedly had with his ranch manager over an easement but he was not
directly involved with the discussions. Further, there is no evidence in the record about
whether the discussions resulted in any sort of determination about the nature of the road. 
He also testified that he had no knowledge of whether use of a road by the public over a long
period of time made the road a public road in general. His testimony consists of, at best,
evidence that the nature of the road in question was never in dispute or resolved by him
during his ownership.
           The Bakers called two witnesses, Jim Kiehne and Becky Walker, who testified about
the condition of the road, and rendered personal opinions that the road in question is a private
ranch road. They also called Glen Batts, who is a real estate contracting officer for the
federal government, and who provided testimony about a lease entered into by the federal
government with the previous owners of the Bakers’ ranch for access through the property
to the government’s surveillance facility located on the top of Eagle Peak. Mr. Batts’
testimony establishes that the road in question was included in an appraisal that was prepared
for the federal government and that nothing in the appraisal characterized the road as a
public, county road. He also testified that to his knowledge, no one from the County
contacted the FAA to inform the FAA that it was improving a county road. He contends that
the first time that the FAA was informed that the road was a county road was in 2001 when
his predecessor received an order from the Hudspeth County Commissioners’ Court
indicating that the road in question is a public road and a letter from the County Attorney,
informing the FAA of the same thing.
           Each of the Bakers also testified about how they believed, at the time of the purchase
of the ranch, that the road was not public.
           This evidence does not provide any rebuttal to the County’s evidence that establishes
the presumption that the road in question was impliedly dedicated to the public. As we have
stated, evidence of long and continued use by the public raises a presumption of dedication
by the owner when the origin of the public use and the ownership of the land at the time it
originated cannot be shown due to the lapse of time. See County of Real, 6 S.W.3d at 14.
           The trial court was entitled to weigh the credibility of the witnesses and we will not
substitute our judgment for that of the fact finder. After reviewing the testimony of the
witnesses, we cannot say that the trial court’s judgment is so contrary to the overwhelming
weight of the evidence that it is clearly wrong and unjust. Where there is no direct evidence
of an ancient owners’ “overt act or specific declaration” indicating an intent to dedicate the
property to public use, the dedication issue may still be resolved by the fact finder, as long
as the intent properly can be inferred from the circumstances shown by the evidence. See
Graff, 947 S.W.2d at 637; Harger v. Cason, 223 S.W.2d 244, 246 (Tex.Civ.App.--Waco
1949, no writ). Long-continued public use is one such circumstance inferring the required
intent. See Conway v. Irick, 436 S.W.2d 219, 223 (Tex.Civ.App.--Fort Worth 1968, writ
ref’d n.r.e.).
           A public road does not depend upon its length or upon the places to which it leads, nor
upon the number of persons who actually travel upon it. Gutierrez, 951 S.W.2d at 841. In
fact, proof that a road is only slightly traveled by the public is not proof that a road is not a
public road. Id. If it is free and open to all who have occasion to use it, it is a public road.
Id. Further, evidence of long, continued, unquestioned use of a road supports a finding that
the public relied on an implied dedication of that road. Supak v. Zboril, 56 S.W.3d 785, 791
(Tex.App.--Houston [14th Dist.] 2001, no pet.); Graff, 947 S.W.2d at 638.
           The Bakers contend that the use of the road by members of the public is not sufficient
to show that there was an offer and acceptance of a dedication by the public and that there
is no formal documentary evidence reflecting formal dedication to and acceptance by the
County. We recognize, however, that the courts of this state do not require that the
acceptance by the public be express. Viscardi, 576 S.W.2d at 19. An implied acceptance by
the public is sufficient. Id. If an intention to dedicate is otherwise shown, the public use of
the land is sufficient to constitute a completed dedication. Id. We have detailed above the
evidence supporting the implied dedication to the public and the use of the road, without
objection, for more than seventy years. We find that the evidence is legally and factually
sufficient to support the trial court’s finding of an implied dedication to the public. 
Accordingly, we uphold the trial court’s judgment that the road in question is a public road
and overrule Issue Nos. One and Two in their entirety. Insofar as we have found the
evidence sufficient to uphold the trial court’s finding that the road was public, we need not
address Issue Nos. Three and Four.
           We affirm the judgment of the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
August 4, 2005

Before Barajas, C.J., McClure, and Chew, JJ.