NO









NO. 12-09-00181-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

THOMAS HAYES, MARGARET
HAYES,

AND DUSTIN STIBBINS,                                '     APPEAL
FROM THE 87TH

APPELLANTS

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

 

ANDERSON COUNTY AND                           '     ANDERSON
COUNTY, TEXAS

JACK HERRINGTON,

APPELLEES

 





OPINION

            Thomas
Hayes, Margaret Hayes, and Dustin Stibbins (collectively “Appellants”) appeal
the trial court’s judgment entered in favor of Appellees Anderson County (the
“County”) and Jack Herrington declaring that Anderson County Road 3016 (“CR
3016”) was impliedly dedicated as a public road with a width of fifty feet.  Appellants
raise four issues on appeal.  We affirm in part and reverse and render in part.

 

Background 

            Stibbins
and Hayes purchased real property along CR 3016 during the early to mid-2000s. 
In 2007, there were times when public access to CR 3016 became impeded.  In
April 2008, Anderson County filed an original petition seeking a declaratory
judgment that CR 3016 was a public road that had been impliedly dedicated in
Anderson County.  Stibbins, the Hayeses, and Jack Herrington were named as
defendants in the suit.  Herrington aligned himself with the County, alleging that
CR 3016 should be declared a public road.  To the contrary, Stibbins and the Hayeses
maintained that the roadway was, in fact, an easement granted by J.B.
Herrington and his wife, Emma Herrington, to D.P. Berry in an instrument dated
December 2, 1940.  

            Following
a bench trial, the trial court determined that CR 3016 was a public road with a
width of fifty feet.  No findings of fact or conclusions of law were
requested.  This appeal followed.  

Jurisdiction of Trial Court 

            In
their third issue, Appellants contend that the trial court exceeded its
jurisdiction by determining that CR 3016 had been dedicated to the public.  In
support of their argument, Appellants cite section 251.051(a)(1) of the Texas
Transportation Code, which states, in pertinent part, that “the commissioner’s
court of a county shall:  (1) order that public roads be laid out, opened,
discontinued, closed, abandoned, vacated or altered….”  Tex. Transp. Code Ann. § 251.051(a)(1) (Vernon 1999).  

            Prior
to 1981, Texas recognized dedication of public roads either by statute or by common
law.  See Jezek v. City of Midland, 605
S.W.2d 544, 548 (Tex. 1980).  In 1981, the legislature abolished the common law
doctrine of implied dedication as a means of establishing that a particular
road traversing private property was a public road.  Baker v. Peace,
172 S.W.3d 82, 87 (Tex. App.–El Paso 2005, pet. denied) (citing Act of
May 31, 1981, 67th Leg., R.S., ch. 613, §§ 1, 2 & 4, 1981 Tex. Gen. Laws 2412 (current version at
Tex. Transp. Code Ann. §§
281.002, 281.003 (Vernon 1999)).  Because there is no provision in the statute
for retroactive application, it can only be applied prospectively.  See id. 
As such, the statutory abolishment of implied dedication of public roadways
does not affect an implied dedication, which, as here, is alleged to have
occurred before the effective date of the statute.  See Scown v. Neie,
225 S.W.3d 303, 309–10 (Tex. App.–El Paso 2006, pet. denied). 

Common
law dedications can be either expressed or implied.  Jezek,
605 S.W.2d at 544.  An implied dedication occurs when there is some act
or course of conduct from which the law will imply an intent to dedicate the
land.  See id. at 548–49.  A district court of this state has
jurisdiction to determine whether there has been an implied dedication of a
public road and its location.  See Tabor v. Hogan, 955
S.W.2d 894, 897 (Tex. App.–Amarillo 1997, no pet.) (trial court had
jurisdiction to determine location of county road); see, e.g., County of
Real v. Hafley, 873 S.W.2d 725, 725 (Tex. App.–San Antonio 1994, writ
denied) (action seeking declaratory judgment that road was not public road).  Therefore,
we hold that the trial court had jurisdiction to enter a declaratory judgment
based upon the legal theory of implied dedication.  Appellant’s third issue is
overruled.

Evidentiary Sufficiency - Implied Dedication 

            In
their first issue, Appellants argue that there was insufficient evidence to
establish that CR 3016 was impliedly dedicated for public use.    

Standard
of Review  

Where,
as in the instant case, findings of fact and conclusions of law are neither
filed nor requested following a bench trial, it is implied that the trial court
made all findings necessary to support its judgment, provided that (1) the
necessary findings are raised by the pleadings and supported by the evidence
and (2) the decision can be sustained by any reasonable theory consistent with
the evidence and applicable law.  See Santa Fe Petroleum, L.L.C.
v. Star Canyon Corp., 156 S.W.3d 630, 636 (Tex. App.–Tyler 2004, no
pet.); see also Tex. R. Civ. P.
296, 299(a).  We review de novo a trial court’s conclusions of law, whether
express or implied.  Santa Fe Petroleum, 156 S.W.3d at 636.  A
conclusion of law will be set aside if it is erroneous as a matter of law.  Id. 
Moreover, when a reporter’s record is brought forward, the trial court’s
implied findings may be challenged by legal sufficiency and factual sufficiency
issues the same as jury findings or a trial court’s findings of fact.  See
Alford v. Johnston, 224 S.W.3d 291, 296 (Tex. App.–El Paso 2005,
pet. denied).  The judgment must be affirmed if it can be upheld on any legal
theory that finds support in the evidence.  See Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990).

            When
reviewing a challenge to the legal sufficiency of the evidence, we must  determine
“whether the evidence at trial would enable reasonable and fair minded people
to reach the verdict under review.”  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).  In making this determination, we must credit
favorable evidence if a reasonable finder of fact could, and disregard contrary
evidence unless a reasonable finder of fact could not. Id.  The
finder of fact is the sole judge of the credibility of the witnesses and the
weight to be assigned to their testimony.  See Canal Ins. Co. v. Hopkins,
238 S.W.3d 549, 557 (Tex. App.–Tyler 2007, pet. denied) (citing City of
Keller, 168 S.W.3d at 819).  The finder of fact is free to believe one
witness and disbelieve another, and reviewing courts may not impose their own
opinions to the contrary.  Id.  Accordingly, we must assume that
the finder of fact decided all credibility questions in favor of the findings
if a reasonable person could do so.  Id.  If a reasonable finder
of fact could have done so, we must assume that the finder of fact chose what
testimony to disregard in a way that favored the findings.  See Canal,
238 S.W.3d at 557 (citing City of Keller, 168 S.W.3d at 820).
 

When
considering a challenge to the factual sufficiency of the evidence, we examine
the entire record to determine whether a finding is clearly wrong and unjust.  See
Kinder Morgan N. Tex. Pipeline, L.P. v. Justiss, 202 S.W.3d 427, 437
(Tex. App.–Texarkana 2006, no pet.).  We must consider and weigh all the
evidence, not just that evidence which supports the verdict.  See Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).  We can set
aside the verdict only if it is so contrary to the overwhelming weight of the
evidence that the verdict is clearly wrong and unjust.  Id.; Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  We are not a fact finder.  See
Justiss, 202 S.W.3d at 437.  Accordingly, we may not pass on the
witnesses’ credibility or substitute our judgment for that of the fact finder,
even if the evidence would clearly support a different result.  See
Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003);
Ellis, 971 S.W.2d at 407.  If we find the evidence is factually insufficient,
we must clearly state why the finding is insufficient or is so against the
great weight and preponderance of the evidence as to be manifestly unjust.  Pool
v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).

Governing
Law

            Dedication
is the act of appropriating private land to the public for any general or
public use.  Baker, 172 S.W.3d at 87.  Whether a
road has been dedicated for public use is a question of fact.  Steel v.
Wheeler, 993 S.W.2d 376, 378 (Tex. App.–Tyler 1999, pet.
denied).  The essential elements of implied dedication are (1) the acts of the
land owner induced the belief that the land owner intended to dedicate the road
to public use; (2) he was competent to do so; (3) the public relied on those
acts and will be served by the dedication; and (4) there was an offer and
acceptance of the dedication.  Las Vegas Pecan & Cattle Co., Inc. v.
Zavalla County, 682 S.W.2d 254, 256 (Tex. 1984).  

            Evidence
of long and continued use by the public raises a presumption of dedication by
the owner when the origin of the public use and the ownership of the land at
the time it originated cannot be shown, one way or the other, due to the lapse
of time.  Baker, 172 S.W.3d at 88; see also O’Connor
v. Gragg, 339 S.W.2d 878, 883 (Tex. 1960) (“Where
ownership of the land at the time of such origin is shrouded in obscurity, and
no proof can be adduced to show the intention of the owner allowing the use,
the law raises a presumption that the requisite intention and acts disclosing
it were present.”).  There must be some evidence of an additional factor that
implies a donative intent when considered in light of the owner’s acquiescence
in the public’s use of the roadway.  Baker, 172
S.W.3d at 88.  Evidence of this additional factor can be permitting public
authorities to grade, repair, or otherwise improve the roadway.  See id. 


The Evidence


            Herrington,
a proponent of CR 3016’s dedication as a public road, testified that he grew up
in the area where CR 3016 is now located.  Herrington stated that, following
his return from military service in World War II, the road was built at the
prompting of R.J. Goodman.  Herrington further stated that he had measured the
road and that it was thirty-five feet in width.  Herrington also testified that
the County had maintained the road since its construction.

            Sammy
Overton, who grew up in the nearby Brushy Creek area, testified that he had
worked for Anderson County for twenty-five years.  Overton further testified
that he did not remember precisely when the road was constructed, but that it
had been constructed during the period of time when Tom Campbell Elrod was the County
Commissioner for the precinct.  Overton stated that, in 1965, he went to work
for the County under Elrod’s successor as Precinct Commissioner, “Blue” Beard. 
Overton further stated that he used road equipment to maintain the road weekly
from 1965 until 1977.  Overton testified that he also maintained the road when
he went back to work for the County from 1990 to 2003.  Overton also testified
that George Rose, who had worked under Elrod, operated a road grader on the
road prior to Overton’s employment by the County in 1965.  Overton stated that
the road was previously known as “Goodman Road” before being designated CR
3016.  

            Carl
House has worked for the County continuously since 1990.  House testified that
he has worked on CR 3016 throughout his tenure with the County.  House further
testified that during his time as a county employee, the County has bladed the
road, put asphalt on it, and built a bridge.  House stated that throughout the
entirety of his employment with the County, the road has always been designated
as CR 3016.  Yet, House, who grew up nearby in Frankston, Texas, testified that
he also had heard the road referred to as “Goodman Road.”

            John
Caveness testified on Appellants’ behalf.  He testified that he had lived in
the Frankston area for forty years and that he did not know that CR 3016 was a county
road.  Caveness further testified that he had done work in the area for a
previous landowner along the road in 1993 and described the road as a “pig
trail.”  Caveness stated that he had used his equipment to clear the road
enough so that he could get equipment in and out of the property where he was
working.  Caveness further stated that the road that the County used to work on
in the area was actually another road, which was now behind a locked gate on
Herrington’s property.  

            Bob
Whitehurst testified that he had lived in the area since 1954 and that the road
located behind a locked gate on Herrington’s property was, in fact, the road
formerly known as “Goodman Road.”  Whitehurst further testified that this road had
been open to public use.  Whitehurst stated that what is now CR 3016 did not
exist when he was growing up in the area.  Additionally, in their respective
testimonies, Thomas and Margaret Hayes each expressed disbelief that CR 3016 was
a public road when they purchased their property.  Rather, their respective
testimonies reflect that each considered it a private easement benefiting their
property purchased in 2005.  

            Dustin
Stibbins testified that his parents purchased land along CR 3016 in 1995. 
Stibbins further testified that he purchased the land from his mother after his
father’s death.  Stibbins stated that he believed the road was only an easement
owned by the Hayeses, which they allowed him to use.  

Analysis

            Based
on the foregoing, we conclude that there was more than a scintilla of evidence
to support the trial court’s implied finding that CR 3016 was impliedly
dedicated to the public prior to 1981.  Herrington’s testimony that the road
was built at Goodman’s prompting as well as Herrington’s, Overton’s, and
House’s testimonies that the road had been continuously maintained by the
county since the late 1940s amounted to legally sufficient evidence to support
the trial court’s judgment.  

            We
next consider Appellants’ contention that the evidence is factually insufficient. 
We have examined the entirety of the record, and we have considered and weighed
all of the evidence.  Having done so, we have not determined that any evidence
tending to contradict the evidence supporting the trial court’s findings, such
as the testimony offered by Caveness, Whitehurst, the Hayeses, or Stibbins, is
of such character so as to cause us to conclude that the trial court’s judgment
is clearly wrong and unjust.  Accordingly, we hold that the evidence is
factually sufficient to support the trial court’s judgment.  Appellants’ first
issue is overruled.  

 

Admission of Evidence

            In their
second issue, Appellants argue that the trial court erroneously admitted into
evidence the field notes prepared by County Surveyor Gene Russell.  Appellants
objected at trial to exhibit 7, which comprised Russell’s field notes pertaining
to CR 3016.  Specifically, Appellants objected to exhibit 7 because the County
failed to disclose in pretrial discovery the existence of Russell’s field
notes.[1]

            The County
responds that the same evidence comprising exhibit 7 was also contained in
exhibit 8, which was a large plat showing CR 3016.  The record indicates that exhibit
8 was admitted without objection.  Any error in admitting evidence is cured
when the same evidence comes in elsewhere without objection.  Schwartz v.
Forest Pharms., Inc,. 127 S.W.3d 118, 124 (Tex. App.–Houston [1st
Dist.] 2003, pet. denied).  Here, because Appellants failed to object to the
same evidence when it was offered as part of exhibit 8, we hold that they waived
the trial court’s error, if any, in its admission of exhibit 7.  Id. 
Appellants’ second issue is overruled.

 

Determination of Width of CR 3016 

            In
their fourth issue, Appellants contend that the trial court improperly
determined that the width of CR 3016 was fifty feet.  The County responds that
the testimony at trial supported that a fifty foot road was necessary so that
the road could be safely maintained.

            Kenneth
Dickson, County Commissioner for Precinct 3 of Anderson County, Texas, testified
that the minimum width of roads in Anderson County was set at fifty feet.  Dickson
further testified that the rationale for this minimum width was to allow the operators
of the County’s maintenance equipment to maneuver off the roads so that cars
could pass by while maintenance was underway.  Dickson stated that if the roads
were less than fifty feet wide, the County would have to disallow passage on a
road in order to clean the ditches.

            Herrington
testified that the road used to be thirty-five feet wide.  Herrington further
stated that he had actually physically measured the width of the road.  There
was no other testimony in the record setting forth the actual width of the
road.  We are bound by the testimony in the record concerning the width of the
road when it was dedicated.  The only evidence of the road’s width when it
became public by an implied dedication was the thirty-five foot width to which
Herrington testified.  When there is no evidence to support a vital fact in the
judgment, we must reverse that portion of the judgment.  See City of
Keller, 168 S.W.3d at 810.  As such, we hold that the
trial court erred in its finding that the width of CR 3016 was fifty feet. 
Appellants’ fourth issue is sustained.

 

Disposition 

            Having
sustained Appellants’ fourth issue, we reverse and render
judgment that the width of CR 3016 is thirty-five feet.  The remainder of the
trial court’s judgment is affirmed.  All pending motions are overruled
as moot.



 

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered May 28, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









[1]
See Tex. R. Civ. P. 193.5,
193.6.