COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 MICHAEL McCULLOCH, KATHLEEN M. McCULLOCH,
 AND
 ALICE McCOLLUM, Individually and d/b/a OSOBA RANCH,
  
                            
 Appellants,
  
 v.
  
 BREWSTER COUNTY, TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
 No.
 08-11-00270-CV
  
 Appeal from the
  
 394th
 Judicial District Court
  
 of Brewster
 County, Texas
  
 (TC#2007-03-B8551-CV)
  
 
 


 

                                                                  O
P I N I O N

Michael and Kathleen McCulloch, and Alice McCollum, Individually
and d/b/a Osoba Ranch (collectively “Appellants”), appeal the trial court’s
declaratory judgment entered in favor of Appellee Brewster County (the
“County”) declaring that Mills Road is a county road, which was impliedly
dedicated to public use.  We affirm.

                                                               BACKGROUND

Appellants
own a 9,000-acre ranch known as Osoba Ranch, which borders U.S. Highway 67 and
is located primarily in Brewster County, Texas. 
A dirt road known as Mills Road runs through Osoba Ranch.  On June 7, 2005, the Commissioners Court of Brewster
County, Texas notified Appellants that it had designated Mills Road as a county
road on its county road map.  Appellants
were also notified that they had two years from June 7, 2005, to file suit and contest
the County’s road designation.

On March 15, 2007, Appellants filed suit pursuant to the Texas
Declaratory Judgment Act and Chapters 258 and 281 of the Texas Transportation
Code challenging the designation of Mills Road as a county road.  See Tex. Civ.
Prac. & Rem. Code Ann. §§ 37.001-37.011 (West 2008); Tex. Transp. Code Ann. §§ 258.001-258.007, §§ 281.001-281.007
(West 1999).  In part, Appellants sought a declaratory
judgment that Mills Road is a private road and not a county road and that the
County had not acquired an interest in Mills Road through implied
dedication.  The County answered that the
roadway was dedicated to the public use as a public roadway by Appellants’
predecessors in title, by the public’s acceptance of the dedication, by the
public use of the road as a public roadway, and noted that such public use has
continued to the present time.  The
County also alleged that the origin of public use and the ownership of the land
at the time of its origination could not be established.  The County petitioned the trial court for a
declaratory judgment that Mills Road is a county road and requested an award
for reasonable and necessary attorney’s fees. 
In its response to Appellants’ request for admissions, the County
admitted that it had not acquired title to the road by condemnation and that it
had never paid Appellants for the road.  The
County further admitted that it had never adjusted or refunded the ad valorem taxes assessed against
Appellants or their predecessors in title for the road’s surface area.

After
a bench trial, the trial court determined that Mills Road was a Brewster County
road pursuant to Chapter 258 of the Texas Transportation Code, impliedly
dedicated to public use, with a width of thirty feet.  Tex.
Transp. Code Ann. §§ 258.001-258.007. 
The trial court ordered Appellants to pay the County $27,143 in
attorney’s fees and awarded conditional attorney’s fees on appeal.  No findings of fact or conclusions of law
were requested.  This appeal followed.

DISCUSSION

            Appellants raise four issues on
appeal.  In Issues One and Two, Appellants challenge the
sufficiency of the evidence to support the trial court’s determination that
Mills Road through Osoba Ranch is impliedly dedicated to public use and that
Mills Road through Osoba Ranch is a Brewster County road pursuant to Chapter
258 of the Texas Transportation Code.  Tex.
Transp. Code Ann.
§§ 258.001-258.007.  In Issue Three, they question whether Chapter
258 violates federal and state constitutional law prohibiting the taking of
private property for public use without just compensation and notice.  In Issue Four, Appellants contend the trial
court erred by awarding attorney’s fees to the County in violation of section
18.001(d) of the Texas Civil Practice & Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. § 18.001(d) (West 2008).

SUFFICIENCY
OF THE EVIDENCE

Standard
of Review

We review
declaratory judgments under the same standards as other judgments.  Tex.
Civ. Prac. & Rem. Code Ann. § 37.010 (West 2008); In re Estate of
Tyner, 292 S.W.3d 179, 182 (Tex. App. – Tyler 2009, no pet.).  When a declaratory judgment is entered after
a bench trial, on appeal, we review the trial court’s findings of fact and
conclusions of law de novo.  Van Dam
v. Lewis, 307 S.W.3d 336, 339 (Tex. App. – San Antonio 2009, no pet.).

If the
trial court does not enter findings of fact or conclusions of law, all facts
necessary to support the judgment and supported by the evidence are
implied.  BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex.
2002).  When a reporter’s record is provided, as
in this case, the trial court’s implied findings may be challenged by legal and
factual sufficiency issues the same as jury findings or a trial court’s
findings of fact.  Alford v. Johnston, 224 S.W.3d 291, 296 (Tex. App. – El Paso 2005,
pet. denied).

We may sustain a legal
sufficiency of the evidence challenge only if one of the following
circumstances exists:  (1) the record
discloses a complete absence of evidence of a vital fact; (2) the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the only evidence offered to prove a vital
fact is no more than a mere scintilla; or (4) the evidence conclusively
establishes the opposite of a vital fact.  Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  The trial court’s judgment must be affirmed if it can be upheld on
any legal theory supported by the evidence. 
Hayes v. Anderson County, 315
S.W.3d 170, 173 (Tex. App. – Tyler 2010, pet. denied).

In conducting a
legal-sufficiency review, we consider evidence in the light most favorable to
the trial court’s findings and indulge every reasonable inference that would
support them.  City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005). 
We credit favorable evidence if a reasonable fact finder could and
disregard contrary evidence unless a reasonable fact finder could not.  Id. at 827.  However, in a factual-sufficiency review, we
consider and weigh all of the evidence and will “set aside the verdict only if
it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.”  Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986).  In
conducting our reviews, we are mindful that the trier of fact is the sole judge
of the credibility of the witnesses and the weight to give their testimony, and
that it is within his exclusive province to resolve any conflicts in the
evidence.  City of Keller, 168
S.W.3d at 819; Precision Homes, Inc. v. Cooper, 671 S.W.2d 924, 929
(Tex. App. – Houston [14th Dist.] 1984, writ ref’d n.r.e.).

Implied
Dedication

In Issue One, Appellants argue there is
legally-insufficient evidence to support the trial court’s judgment that Mills
Road was impliedly dedicated to public use. 
Dedication is the act of appropriating private land to the public for
any general or public use.  Baker v. Peace, 172 S.W.3d 82, 87 (Tex.
App. – El Paso 2005, pet denied).  Under common law, public roadways can be
created by either express or implied dedication.[1]  Jezek v. City of Midland, 605 S.W.2d
544, 548-49 (Tex. 1980); O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878, 882–83 (1960).  Whether there has been a public dedication of
property is a question of fact.  Viscardi v. Pajestka, 576 S.W.2d 16, 17 (Tex. 1978).  If an implied dedication of a public roadway
occurred with a prior owner, a subsequent purchase of the property will not
affect the dedication.  Baker, 172 S.W.3d at 87.

The
elements of an implied dedication are:  (1)
the acts of the landowner induced the belief that he intended to
dedicate the road to public use; (2) he was competent to do so; (3) the public
relied on these acts and will be served by the dedication; and (4) there was an
offer and acceptance of the dedication.  Las Vegas Pecan & Cattle Co. v. Zavala County, 682 S.W.2d
254, 256 (Tex. 1984).  Generally, in order to establish donative
intent, more than a landowner’s omission or failure to act or acquiesce must be
shown.  Baker, 172 S.W.3d at 88.  Such evidence may include allowing public
authorities to grade, repair, improve, or fence off the roadway from the
property.  Id.  However, evidence of a long and
continued use of the disputed road by the public raises a presumption of
dedication by the owner when the origin of the public use and land ownership at
the time the public use began are “shrouded in obscurity” and no evidence
showing the landowner’s intent in allowing the initial public use exists.  Graff
v. Whittle, 947 S.W.2d 629, 637 (Tex. App. – Texarkana 1997, writ denied); see also O’Connor, 339 S.W.2d at 882.

The County maintains that Mills Road was
impliedly dedicated to the public.  The
County argues that undisputed evidence of long and continued use of Mills Road
by the public raises a presumption of dedication by the owner as the origin of
public use and the ownership of the land at the time the public use originated
cannot be shown due to the lapse of time. 
Because an implied dedication results in “the appropriation of private
property for public use without any compensation to the landowner,” the County
bears a heavy burden to establish an implied dedication.  Van Dam,
307 S.W.3d at 340 (citing County of Real
v. Hafley, 873 S.W.2d 725, 728 (Tex. App. San Antonio 1994, writ denied)).  Therefore, we must determine whether the
County established that the origin of Mills Road was “shrouded in obscurity”
and that from that time, the roadway was subject to long and continuous use by
the public.

The Evidence Presented at Trial

During a bench trial, both Appellants and the
County presented witness testimony regarding the history and use of Mills
Road.  Several
documents were also entered into evidence including:  (1) maps dated in the 1920’s which depict the
road now known as Mills Road; (2) a 1941 plat completed by John Stovell, the County
Surveyor in the early 1940’s which shows that the road in question was a county
road; (3) a 1954 map created by the U.S. Department of the Interior Survey
which identifies the road in question and describes it as an improved
light-duty road; and (4) a traffic map of Brewster County dated 1962, prepared
by the Texas Department of Transportation in its regular course of business
which characterizes the road in question as a bladed earth county road.

At
trial, Travis Roberts, Chair of the Brewster County
Historical Commission, testified that in his opinion, Mills Road could have
started as a game trail and then became a wagon road that went from Marathon
through the mountains to Hovey, Texas.  He
explained that Hovey was a railroad depot and that the road in question was
important to the commerce of Brewster County.

Through
video deposition, King Terry, who was born in Alpine, Texas, testified that he
first recalls being aware of Mills Road in the late 1930’s and that the road
had been there before his time.  Terry
testified that the road could be used by the public and if they used the road
to go to Hovey it was because there was a railroad station, shipping pens, and
a general store there.  Terry stated that
there had always been rabbit hunters and that sort of thing on the
roadway.  Terry further testified that
when he went to work for the state highway department in 1950, the County
maintained the road.

The video deposition testimony of Homer Mills, a long-time
resident of Brewster County, indicates that Mills Road runs through a ranch his
grandfather purchased in 1927.  Mills testified
that he has always considered the road to be a county road and that people used
to call the road the “old county road.” 
He further testified that the County put water diversions in the road in
the mid-1950’s.  Mills stated that the
County has always maintained the roadway and that Clyde Trimble, a County
employee, worked Mills Road.[2]   Mills
further stated that to his knowledge no one had to get permission to drive
Mills Road.

Asa Stone, County Commissioner for Precinct 1, and head of the
Road and Bridge Department, testified that he did not know when Mills Road came
into existence, but that it had been there all of his life.  He further testified that from his earliest
recollection of Mills road in the early 1950’s until the present, the County
has regularly maintained the road, including the cattle guards and 67 water
turnouts on it.  Stone stated that the
road is caliche and the County has hauled caliche out there.  Stone testified that he has never seen any
private landowners maintaining the road and that the County has never felt like
it has to ask permission to go onto Mills Road. 
Stone testified that Mills Road is used by commercial people, families
going back and forth, children going to and from school, emergency management
coordination, the County, and forest service crews.  He also testified that the road has been used
to reroute traffic during emergency situations on Highway 67.

Delmon Hodges partnered with Paul McCollum, Appellant Kathleen
McCulloch’s father, in purchasing property in Brewster County over which Mills
Road traversed.  By video deposition,
Hodges testified that he did not know what Mills Road was called in the past,
but his understanding in the early days was that it was a public road.  Hodges testified that prior to him owning an
interest in the property, he hunted along the roadway.  He testified they purchased the property long
before 1978, and that during his ownership the County came out and maintained
the road and put caliche on the road and never asked permission to travel on
the road.  Hodges testified that during
his ownership neither he nor his partners posted any private property or no trespassing
signs.

Appellant
Kathleen McCulloch testified that her father along with Delmon Hodges and
others purchased property in Brewster County. 
After her father passed away, she became executrix of his estate.  McCulloch testified that her law partner prepared
the deed of trust assigning her and her husband an interest in Osoba Ranch and
that they inserted Mills Road as a permitted encumbrance in the deed so that
any prospective purchasers would be put on notice that an unrecorded easement
for a county road existed.

Appellant Michael McCulloch testified that when
he and his wife signed a deed giving them a 1/8 interest in Osoba Ranch, he
knew that the deed contained a permitted encumbrance for an unrecorded easement
for the county road.  He stated that Mills
Road is a well-traveled road that is used by the public.  McCulloch testified that he did not know when
the public started using Mills Road and did not know who the landowners were at
the time the public began using the roadway. He further testified that he had
seen the County grading Mills Road with a maintainer, but he had also seen
David Drennan, his partner, do the same. 
He further testified that he never spent any money to maintain the
road.  He also testified that neither he
nor his in-laws, his predecessors in title, ever attempted to exercise any
private right to Mills Road such as putting up a gate.

Analysis

Appellants contend that the testimony
presented amounts to no evidence that Mills Road was impliedly dedicated to
public use prior to September 1, 1981 because the evidence is inconsistent.  Appellants maintain that it can be equally
inferred that the County acquired a public interest in the road because the
witnesses assumed it was a county road as much as it can be inferred that the
landowners impliedly permitted travelers to use the road.  We disagree. 
The trial court was entitled to weigh the credibility of the witnesses
and we will not substitute our judgment for that of the fact finder.  Pool v.
Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).

The record before us contains testimony of
several witnesses who were familiar with Mills Road and who testified that the
road has always existed.  However, none
of the witnesses testified about the origin of the public use or the land
ownership at the time the public use originated.  Because the record does not contain any
evidence of the origin of the public use and the ownership of the land at the
time it originated cannot be shown, the origin of Mills Road is “shrouded in
obscurity.”  See O’Connor, 339 S.W.2d at 883;
Reed v. Wright, 155 S.W.3d 666, 672 (Tex. App. – Texarkana 2005, pet.
denied).

A presumption of dedication is established
when there is a long and continuous public use of a road whose origin is
shrouded in obscurity.  Baker, 172 S.W.3d at 89-90; Graff, 947 S.W.2d at 637.  The record shows that the County conclusively
established a long and continuous public use of Mills Road.  The testimony revealed than neither
Appellants nor their predecessors in title tried to assert that the road was a
private road.  The testimony of several
witnesses indicated that no one needed permission to travel along the road and
that the road was open to the public and in use since at least the 1940’s.  Moreover, the evidence also shows that the
County regularly maintained the road since at least the 1950’s and has
continued to do so since that time.  In
addition, Mills Road appears on historical maps as a county road and at least
one plat dated 1941.
 Appellants failed to present any
evidence rebutting the presumption that Mills Road was impliedly dedicated to
public use.

When viewed in a light most favorable to the
verdict, more than a scintilla of evidence exists that Mills Road was used by
the public for a long and continuous time. 
City
of Keller, 168 S.W.3d at 822.  Because
the origin of Mills Road is shrouded in obscurity and there is evidence of long
and continued use of the road by the public there is a presumption that the
landowner intended to dedicate Mills Road. 
Baker, 172 S.W.3d at 89-90; Graff, 947 S.W.2d at 637; Reed, 155 S.W.3d at 671-72.  Therefore,
we conclude that the evidence is legally sufficient to support the trial
court’s judgment that Mills Road was impliedly dedicated as a public road and we uphold the trial court’s judgment that the road in question
is a public road.  Baker, 172 S.W.3d at 89-90.  Because legally-sufficient
evidence supported the trial court’s judgment that Mills Road was impliedly
dedicated to public use, we need not address Issues Two and Three.  Issues One, Two, and Three are overruled.

Attorney’s Fees

In Issue Four,
Appellants complain that the trial court erred by awarding attorney’s fees to
the County because the County failed to satisfy the required provisions under
section 18.001(d) of the Texas Civil Practice & Remedies Code by serving a
copy of the attorney’s fee affidavit on the party to the case at least thirty
days before the day on which evidence is first presented at trial.  Tex.
Civ. Prac. & Rem. Code Ann. § 18.001(d) (West 2008).  In an action for a declaratory judgment, the
trial court may award reasonable attorney’s fees and costs.  Tex.
Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008).  The County responds that Appellants waived
their complaint on appeal.  We agree.

We may not address
issues that Appellants failed to present to the trial court.  See Tex. R. App. P. 33.1(a)(1)(A)(B) (to
preserve a complaint for appellate review, the record must show that a party
complained to the trial court through a timely request, objection, or motion
with sufficient specificity to make the trial court aware of the complaint, and
the trial court made a ruling on the complaint); Dodge v. Dodge, 314 S.W.3d 82, 85, 86 n.3 (Tex. App. – El Paso
2010, no pet.) (overruling appellants’ complaints about having to pay
appellee’s attorney’s fees because issues were not presented to the trial
court).  Appellants did not object or
file any post-judgment motions to the untimeliness of the attorney’s fees affidavit
or to the trial court’s attorney’s fees award; therefore, Appellants have not
preserved this complaint for appeal.  Id. 
Issue Four is overruled.

CONCLUSION

We affirm the judgment of the trial court.

 

                                                                        GUADALUPE
RIVERA, Justice

December 21, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 











[1]
Effective August 31, 1981, section 281.003 of the Texas Transportation Code
abolished the common-law doctrine of implied dedication of public roads from
counties with a population of 50,000 or less.  Tex. Transp. Code Ann. §§ 281.001,
281.003(b) (West 1999).  Brewster County
is a county with a population of 50,000 or less.  However, Chapter 281 is not retroactive.  Las
Vegas Pecan & Cattle Co. v. Zavala County, 682 S.W.2d 254, 256 (Tex.
1984).  Therefore, the statutory
abolishment does not affect an implied dedication that occurred before the
statutory effective date.  See Scown v. Neie, 225 S.W.3d 303,
309-10 (Tex. App. – El Paso 2006, pet. denied).





[2]
The video deposition testimony of Mac Benge, a Brewster County resident, who
used Mills Road to access his ranch, also indicates that Mr. Trimble was the
County’s maintainer for Mills Road in 1959.